### LINDSTROM v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 10862.

Circuit Court of Appeals, Ninth Circuit.
April 18, 1945.

Ralph G. Lindstrom, of Los Angeles, Cal., in pro. per.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Maryhelen Wigle, Sp. Assts. Atty. Gen., for respondent.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

BONE, Circuit Judge.

Income tax deficiencies for 1940 were assessed against Ralph G. Lindstrom and Katherine Lindstrom, his wife.[1] The question before us is whether the Commissioner of Internal Revenue erred in refusing to allow taxpayers the benefit of Section 107, of the Internal Revenue Code, as added by Revenue Act 1939, § 220, 26 U.S.C.A. Int. Rev.Code, § 107 note, in respect of their distributive share of a fee received in 1940 as compensation for services rendered in part by Ralph G. Lindstrom, as a member of a law partnership formed in 1936, and in part by the other member of the partnership prior to formation of the law firm. On a hearing before the Tax Court, the Commissioner was sustained and we are asked to review the decision of the Tax Court.

On May 1, 1936, taxpayer, Ralph G. Lindstrom, and one Arthur W. Eckman, formed a law partnership. Eckman brought into the new firm the business of several old clients whom he had represented for many years and who were tied together by bonds of blood and marriage. In 1931, Eckman had undertaken to settle serious financial difficulties for these clients, all of which required dealings with creditors over an extended period. It is not necessary to burden this opinion with a detailed recital of Eckman's efforts in behalf of these clients.

In April, 1933 the worst of the financial troubles seem to have been surmounted by the execution of two trust agreements for the benefit of creditors of Eckman's clients, who thereupon paid him a fee. He had completed that part of his work but the record indicates that he was thereupon employed during the same month by these interested family members and relatives, to see that the trusts, so created, were properly administered by the trustees. Large debts had to be compromised to save any equity for the Eckman clients.

From 1933 to 1940, inclusive, Eckman continuously, and as occasion required, rendered legal services in supervising the trusts and preserving for his clients the largest possible equity in these estates. The death (in 1934 and 1936) of two of his clients who were parties to and interested in the said trust agreements, intervened between the creation of the trusts, and the final compromise with creditors which was completed during the last month or two of 1939 and the first month of 1940. The partnership of Eckman and Lindstrom also acted as counsel for the Administratrix in handling the affairs of the estate of one of the said deceased clients.

A substantial equity was realized from the trust estates and the interested parties and heirs finally agreed on a $25,000 fee for Eckman and Lindstrom for services rendered. The two lawyers received this fee in 1940, which was equally divided between the partners. Ralph G. Lindstrom reported one-half of his $12,500 fee in his income tax return for 1940 and his wife reported the other half.

In computing the taxes shown on their 1940 returns each of the petitioners (Lindstrom and wife) spread the tax on the $12,500 fee over the entire period of services dated from 1933 until 1940, claim-

[1] The wife is petitioner in No. 10,863, a companion case, which by stipulation will be determined by the decision in this case.

**346**

ing the right to do so under Section 107(a) of the Internal Revenue Code. In determining the deficiencies, the Commissioner of Internal Revenue denied the petitioners the right to allocate equal portions of this fee for each of the years of this period.

In his brief in this court, Lindstrom states that he had been a partner of Eckman for a period of only 45 months when the fee was paid to his law firm. Five calendar years had not elapsed between the dates of the commencement of the law partnership and the end of the legal services here involved. It is his position, however, that the simple fact that he received the fee in question "as a member of a partnership", places him in the same (tax) position as Eckman, i.e., entitles him to claim the full benefit of Section 107(a).

Section 107 of the Internal Revenue Code, as originally enacted by Section 220 of the Revenue Act of 1939, governs the disposition of this case. The subsequent amendment of this section by Section 139 of the Revenue Act of 1942 does not apply as it relates only to taxable years beginning *after* December 31, 1940.

We agree with the Tax Court on the application of the law. The record before us shows that the services of Ralph G. Lindstrom were commenced *less* than five years prior to the receipt of the fee. It is unnecessary to consider other arguments advanced by petitioners since this fact requires affirmance of the decision of the Tax Court. Lindstrom and the partnership had absolutely no part in earning the fee *prior* to May 1, 1936. The statute applies in cases of compensation received for personal services rendered "by an individual in his individual capacity, or as a member of a partnership, *and* covering a period of five calendar years or more from the beginning to the completion of such services * * *." The services of the partnership and Lindstrom's services individually did not cover a period of "five calendar years or more". The only way Lindstrom could meet the requirements of Section 107 would be to tack Eckman's prior individual services onto the services later rendered by the partnership.

The legislative provision here considered (Section 107) constitutes an exception to the general rules governing the taxation of income. Its obvious purpose was to alleviate tax hardships resting on long-term workers who receive compensation upon the completion of their services, but we do not believe that the relief afforded by this section covers the situation presented here. The taxpayer claiming its benefits must bring himself within the letter of the Congressional grant. This Lindstrom did not and could not do. Prior to the creation of the law firm of Eckman and Lindstrom, on May 1, 1936, Lindstrom rendered no services to any of the clients who paid the fee in question.

The will of Congress has been plainly expressed in language that does not permit or require a strained or unnatural interpretation. The words of the statute may not be extended or distorted beyond their plain, popular meaning. See Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481; Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128.

The Supreme Court points out that provisions granting special tax exemptions are to be strictly construed. See Helvering v. Northwest Steel Mills, 311 U.S. 46, 49, 61 S.Ct. 109, 85 L.Ed. 29; Deputy v. DuPont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L. Ed. 416; White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348. See also Slough v. Commissioner, 3 T. C. 565.

The decision of the Tax Court was correct and is

Affirmed.