## STECKEL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10017.

Circuit Court of Appeals, Sixth Circuit.

March 18, 1946.

Eugene E. Anderson, of Sharon, Pa., for petitioner.

Harry Baum, of Washington, D. C. (Sewall Key and Robert N. Anderson, both of Washington, D. C., on the brief), for respondent.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

SIMONS, Ciruit Judge.

The petitioner seeks review of the redetermination by the Tax Court of a deficiency in his income tax for 1940 and deficiencies in gift taxes for 1940 and 1941. The income tax deficiencies were the result of additions by the Commissioner to income of dividends received upon stock placed in trust for the taxpayer's sister and children, and declared taxable under § 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a), under the doctrine of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

The stock transferred to the trust consisted of shares in Cold Metal Process Company, organized to exploit the petitioner's patents. In 1939 the patents were adjudicated as valid. This was followed in 1940 by a settlement with infringers and a declaration of dividends in that year upon the petitioner's stock of $1325 a share. In 1941 his dividends totaled $700 a share. A day before the first 1940 dividend was paid, the taxpayer transferred 120 of his shares to a bank in trust for his two children and a maiden sister. The trust provided that the grantor, during his life, should direct all sales and investments of the trust res, reserved the right to modify and change the proportion of income to be paid to any beneficiary and to direct distribution to the issue or spouse of a beneficiary. It also provided that the death of the grantor should terminate the trust, but that the grantor could terminate it at any time by giving written notice of his attention so to do. Upon the termination of the trust the corpus was to be distributed to the beneficiaries in the proportion to which, at the time, they were entitled to income. In no

event was the corpus of the trust to revert to the grantor.

At the time the trust was established the grantor's sister was to receive two-thirds of the income and his children each one-sixth. Twice during the life of the trust were the proportionate shares of beneficiaries in income changed, once by the reduction of the sister's share to one-fifth and an increase of each of the shares of the children to two-fifths, and later each beneficiary was given an equal share in the trust income. On December 29, 1941, the grantor terminated the trust and directed that the corpus be divided equally among the three beneficiaries. Distribution during 1940 was in pursuance of the grantor's directions, and at the time of the dissolution of the trust in 1941 and the distribution of its corpus, the taxpayer filed a gift tax return in which he reported the transfers as gifts.

■■ We do not doubt the soundness of the Tax Court's decision that the stock dividends in 1940 constituted income of the petitioner under the Clifford doctrine. The settlor controlled all sales and investments of the trust corpus, could allocate the income therefrom to any of the beneficiaries, change its allocation whenever he wished, and did so. The power to dispose of income is equivalent to its ownership. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655. The contention that a trust falls without the Clifford rule when the settlor has no right of reverter, has been rejected in well-reasoned cases if other attributes of ownership are retained. Com'r v. Buck, 2 Cir., 120 F.2d 775; George v. Com'r, 8 Cir., 143 F.2d 837; Williamson v. Com'r, 7 Cir., 132 F.2d 489. Moreover, under the circumstances of this case, the trust provisions come within the rule that an anticipatory assignment of income which the taxpayer is about to receive, does not prevent the income from being taxable to him. Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Helvering v. Horst, supra.

■ The taxpayer's contention that the dividends received in 1940 were compensation for services rendered during the period 1926 to 1940 in the development of his patents, and so is subject to no greater tax than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the years included in the period in pursuance of § 107 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 107, is entirely without merit, and neither Slough v. Com'r, 6 Cir., 147 F.2d 836, nor Lindstrom v. Com'r, 9 Cir., 149 F.2d 344, are in point. The taxpayer's compensation for services consisted of his stock in the corporation. The dividends thereafter were clearly income. Moreover, the dividend distribution upon the taxpayer's shares constituted a pro-rata distribution upon the shares of all stockholders.

Since tax-wise the dividends both in 1940 and 1941 constituted income of the taxpayer, the Tax Court was right in re-determining the Commissioner's asserted deficiencies in gift taxes for each of those years.

The decision of the Tax Court is affirmed.