Burnham Enersen v. Commissioner. Nina W. Enersen v. Commissioner.
Enersen v. Commissioner
Docket Nos. 20978, 20979.
United States Tax Court
1950 Tax Ct. Memo LEXIS 289; 9 T.C.M. (CCH) 42; T.C.M. (RIA) 50024; January 26, 1950
Henry D. Costigan, Esq., 1500 Balfour Bldg., San Francisco 4, Calif., and Gordon M. Weber, Esq., for the petitioners. Earl C. Crouter, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined deficiencies in income tax as follows: Docket No. 20978
1944
$ 237.38
1945
1,150.00
Docket No. 20979
1944
257.38
1945
983.37
These proceedings have been consolidated for trial and opinion. The only issue is whether the petitioner, Burnham Enersen, as a member of a law partnership is entitled to apply section 107, Internal Revenue Code, so as to include in the time of the rendition of the services the period prior to his admission to the partnership. The respondent has held that the petitioner is not *290 entitled to receive the benefit of section 107, as amended, because he had not been a member of a partnership for 36 months. Findings of Fact The facts, which have been stipulated, are hereby found as facts. The facts which are necessary for an understanding of the question are as follows: Burnham Enersen, hereinafter called "petitioner", and Nina W. Enersen, his wife, reside in San Francisco, California. They filed their income tax returns for the years involved with the collector for the first district of California. Petitioner is an attorney at law. From 1930 to August 1, 1943, the petitioner was employed continuously by a law partnership in San Francisco. He was admitted to partnership in the firm on August 1, 1943, and since that date he has been a partner in the firm. Upon his admission to partnership, he became entitled to share in fees received thereafter for services rendered by the firm over periods of several years. From the time of his first employment by the firm in 1930 or 1931 until January 1, 1940, the petitioner was paid a monthly salary plus an annual Christmas bonus amounting to a part of a month's salary. From January 1, 1940, to August 1, 1943, the amount *291 of petitioner's compensation from the partnership was fixed in accordance with certain agreements which covered a calendar year, or portion thereof. Under these agreements, a minimum salary was guaranteed, and above the guaranteed amount a percentage of net profits was paid. During the years 1940, 1941, 1942, and 1943, up to August first, the petitioner received the guaranteed salary, plus a percentage of profits at the end of each year. From and after August 1, 1943, the petitioner as a partner in the partnership, has at all times received a specified percentage of the net profits of the partnership, namely, 3 1/2 per cent from August 1, 1943, to December 30, 1945. The percentage was increased to 5.4571 per cent on December 31, 1945. The petitioner and his wife and the law partnership have at all times followed the cash method of accounting in the keeping of accounts and the making of income tax returns; and, also, have made their respective tax returns on a calendar year basis. During 1944 and 1945, the partnership received fees from clients of which 80 per cent of the fees received in each of those years represented compensation for personal services of the firm to clients *292 which had been rendered by the firm over a period of 36 months or more. In the case of the largest amount of such fees which the firm received in 1944, petitioner had performed services for clients in the matters involved during the period from January, 1940, to January, 1944; and in the case of the largest amount of such fees received in 1945, petitioner had performed services for the clients involved during the period from September, 1943, to December, 1945. In accordance with agreed percentages for the sharing in such fees by partners and employees who were employed on a percentage-of-profit basis, the petitioner received $3,561.13 in 1944; and $10,791.68 in 1945, as his share of the above fees which the firm received in 1944 and 1945, i.e., of fees for personal services performed over periods of 36 months or more of which fees, 80 per cent or more, were received in a single taxable year. The petitioner and his wife were married in 1935, and have resided together in California since their marriage, including the years 1944 and 1945. The above amounts of the shares of the petitioner in the fees above described which were received in 1944 and 1945, constituted community property *293 acquired subsequent to 1927. Opinion The petitioner reported his income and computed his tax for the years 1944 and 1945 under the provisions of section 107, Internal Revenue Code, as amended, as though the payments in question (aggregating $3,561.33 in 1944, and $10,791.68 in 1945) had been received by him ratably over the period during which the services had been rendered. He also took into consideration in making the ratable allocation the fact that during the period 1935 through 1945, he was married and his income was part of the community property of himself and his wife; but with respect to this aspect of the issue in this proceeding, no issue is presented. The respondent, in the notice of deficiency, determined that the entire amount of the shares of petitioner in the fees which were received in 1944 and 1945 were taxable in 1944 and 1945 as ordinary income received in full in those years, upon his holding that the petitioner did not qualify for relief under section 107(a) with respect to fees earned since August 1, 1943, because the period of the petitioner's membership in the partnership was less than 36 calendar months. The respondent has not *294 questioned the allocation of the income in question over prior years, so that we assume that if the question presented is decided in the petitioners' favor, there are no deficiencies in the taxable years. The question presented is whether section 107, in the form in which it was applicable to the years before us, contemplates allocation of compensation for personal services rendered by a partnership over the entire period of rendition of the services, notwithstanding that the taxpayer-partner who shares in the compensation was not a member of the partnership during all of that period. The same question was presented for decision in the proceeding of Elder W. Marshall, et al., Docket Nos. 23432 and 23433. Our opinion in that proceeding was promulgated on January 27, 1950. See 14 T.C. 90. There, as here, the respondent eliminated the entire amount of the share of the taxpayer in fees from the scope of section 107 on the ground that by the end of the year in which the income was received, the taxpayer had not actually been a member of a law firm for the 36-month period which the statute prescribes. The facts in this proceeding present an even stronger case for the petitioner *295 than did the facts in the Marshall case, because in this proceeding the taxpayer rendered services over a period of several years for which the fees in which he shared, in 1944 and 1945, were paid by clients as compensation for personal services; and, also, he has been associated with the law firm in question throughout the period of years over which he seeks to allocate the income in question. In Elder W. Marshall, supra, this Court rejected the same argument which the respondent has advanced in this proceeding. In so doing, we took into consideration the language of section 107 before and after the 1942 amendment, and the Congressional intent as shown by Senate Report No. 1631, 77th Cong., 2d Sess., 109, to which the petitioner calls attention. It is unnecessary to repeat here what we have said in the opinion in proceeding of Elder W. Marshall, supra. It held, therefore, that the respondent's determination in this proceeding whereby he has eliminated allocation where the partnership status did not extend over three years is erroneous. As we said in Elder W. Marshall, supra: "Since it is the status of the recipient of the income in the year of receipt, and not either his status *296 in prior years, Federico Stallforth, 6 T.C. 140, nor the identity of the individual who contributed the services, that is made to govern the application of section 107 in its present form, we are satisfied that under the facts of this proceeding petitioner correctly computed his tax by use of its provisions." Decisions will be entered that there are no deficiencies.