Sigvald Nielson v. Commissioner. Madge Nielson v. Commissioner.
Nielson v. Commissioner
Docket Nos. 21103, 21104.
United States Tax Court
1950 Tax Ct. Memo LEXIS 291; 9 T.C.M. (CCH) 57; T.C.M. (RIA) 50025; January 26, 1950
Harry R. Horrow, Esq., for the petitioners. Earl C. Crouter, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined a deficiency in income tax for the year 1944 in the amount of $405.74, in Docket No. 21103; and of $450.45, in Docket No. 21104. These proceedings have been consolidated for trial and opinion. The only issue is whether the petitioner, Sigvald Nielson, as a member of a law partnership, is entitled to apply section 107, Internal Revenue Code, so as to include in the time of the rendition of the services the period prior to his admission to a partnership. The respondent has held that the petitioner is not entitled to receive the benefit of section 107, as amended, because he had not been a member of a partnership *292 for 36 months. Findings of Fact The facts have been stipulated. The facts as stipulated are found as facts. The facts necessary for an understanding of the question are as follows: The petitioners are husband and wife, who have resided in California since their marriage in 1924, to and including the taxable year, 1944. Each petitioner filed a separate return for 1944 with the collector for the first district of California. The returns were made on the cash basis. Sigvald Nielson, referred to hereinafter as the "petitioner," is a lawyer. He became associated with a law partnership in San Francisco in November, 1935, as an employee of the firm; and ever since that time, he has been associated with the same firm. On May 1, 1942, the petitioner was admitted into the partnership, and he became entitled to receive, thereafter, a distributive share, each year, of the net profits of the partnership. From the date of his employment by the firm to January 1, 1939, the petitioner received a fixed salary as compensation for his services. Thereafter, until May 1, 1942, he received during each calendar year, in addition to a fixed salary, a fixed percentage of the net profits of the *293 partnership, as follows: 0.463 per cent, in 1939; 0.526 per cent, in 1940; 0.631 per cent, in 1941; and 0.631 per cent, from January 1 to April 30, 1942. After May 1, 1942, when the petitioner became a member of the partnership, the distributive shares of the net profits thereof to which he was entitled, and which he received, were as follows: 2.314 per cent, from May 1 to December 31, 1942; 4.573 per cent, 1943; 3.5 per cent, from January 1 to April 30, 1944; and 5.766 per cent, from May 1 to December 31, 1944. From August 4, 1935, up to and including May, 1943, a period of ninety-four (94) months, said partnership rendered legal services to The Equitable Life Assurance Society of the United States, hereinafter referred to as "Equitable," in connection with litigation growing out of the imposition by the State of California of a tax on gross premiums from insurance and annuities. These services were entirely distinct and separate from other legal services then being rendered to Equitable by said partnership and after the completion of these special services, said partnership received from Equitable $43,425 as compensation for said services. Said compensation was received in a *294 lump sum in December, 1944, and no other compensation was ever received by said partnership from Equitable for said services. For many years past and during all of the years material herein, all fees received for legal services by said partnership have been pooled in a single fund, which has been first used to pay all expenses. The balance, representing the net profits of the partnership, has been distributed periodically among all of the partners and all of the employees entitled to share therein. The amount of such distributions has been computed on the basis of a quarterly allocation to the profit-sharing employees and a calendar year allocation to the partners of the profits of the partnership, all in accordance with the percentage shares agreed upon by the partners and in effect during the period in which the net profits were received. Each partner and profit-sharing employee has shared in such division of all profits received during any period in which he has been entitled to a share of the partnership profits according to such agreement of the partners; coversely, when a partner or employee has ceased to be such by death or retirement or otherwise, he has not shared in any *295 profit or profits received after the month in which the cessation has occurred. At all times material herein, said partnership kept its books of account and filed its income tax returns on a calendar year and cash receipts and disbursements basis. Sigvald Nielson's distributive share of said partnership's net income for the year 1944 included his distributive share in said Equitable fee in the amount of $2,504.16. One-half of said distributive share, or $1,252.08, was the community income of Sigvald Nielson and the other one-half was the community income of his wife, Madge Nielson. In their Federal income tax returns for 1944 petitioners each claimed the benefits of section 107(a) of the Internal Revenue Code and reported therein the additional income taxes attributable to their respective shares of the aforesaid compensation from Equitable, had such shares been included in their gross income ratably over the preceding period of ninety-four (94) months from August, 1935, to May, 1943, during which said services were rendered by said partnership. The respondent disallowed the petitioners' claims for the benefit of section 107(a) of the Internal Revenue Code *296 because Sigvald Nielson had not been a member of the partnership for a period of 36 months. Respondent held that, therefore, he did not qualify for relief under the provisions of section 107(a). Following the filing of petitions in each of these proceedings on December 3, 1948, each petitioner, on December 8, 1948, executed a Waiver of Restrictions on Assessment and Collection of Deficiency in Tax on Treasury Department Form 870 for the calendar year 1944 in the amount of $405.74 for petitioner, Sigvald Nielson, and in the amount of $450.45 for petitioner, Madge Nielson. Said waivers were filed with the Internal Revenue Agent in Charge, San Francisco, on December 9, 1948, together with a letter of transmittal, which stated, in part, as follows: "In order to stop the running of interest on any liability that may be determined by the Tax Court in these proceedings the taxpayers wish to permit the assessment and collection of the amounts of the deficiencies determined, but subject to the final determination of the Tax Court in said proceedings. Herewith for that purpose are forms 870 executed by said taxpayers." The deficiencies involved in these proceedings were duly assessed, *297 and on March 17, 1949, Sigvald Nielson paid the amount of tax so assessed of $405.74, together with interest in the sum of $92.89, and Madge Nielson paid the amount of tax so assessed of $450.45, together with interest in the sum of $103.13, to the Collector of Internal Revenue at San Francisco, California. Opinion There is no dispute between the parties as to the fact that all of the conditions requisite to the application of section 107, Internal Revenue Code, as it applies to the year 1944, were complied within these proceedings excepting in one respect, only: The petitioner was not a member of a partnership for the entire period of 36 months. The income in question was a fee that was received by the partnership in 1944. The services for which the fee was paid were rendered over a period of seven or eight years. The compensation for the services was paid in 1944 in a lump sum upon the conclusion of the services. There is no dispute as to the amount of the portion of the fee upon which the petitioners are taxable. The question turns upon interpretation of section 107, as amended in 1942, and as it applies to the year 1944. The question is whether section *298 107 contemplates allocation of compensation for personal services rendered by a partnership over the entire period of rendition of the services, notwithstanding that the taxpayer-partner who shares in the compensation was not a member of the partnership during all of that period. The same question was presented to this Court for decision in the proceeding of Elder W. Marshall, et al., Docket Nos. 23432 and 23433. The opinion of this Court in those proceedings was promulgated on January 27, 1950. See 14 T.C. No. 12. The respondent made the same determination and argument in Elder W. Marshall, supra, as he has made in these proceedings. In Elder W. Marshall, supra, this Court rejected the same contentions which the respondent has advanced here. Our holding in the Marshall case determines the question in these proceedings. It is unnecessary to restate here what we said in the Opinion in the Marshall case. It is held, therefore, that the respondent's determination in these proceedings is erroneous, as we said in Elder W. Marshall, supra: "Since it is the status of the recipient of the income in the year of receipt, and not either his status in prior years, Federico Stallforth, 6 T.C. 140, *299 nor the identity of the individual who contributed the services, that is made to govern the application of section 107 in its present form, we are satisfied that under the facts of this proceeding petitioner correctly computed his tax by use of its provisions." Decisions will be entered that there are no deficiencies.