**MARSHALL et ux. v. HOFFERBERT,**
Collector of Internal Revenue.

Civ. 5549.

United States District Court
D. Maryland.

Sept. 26, 1952.

George Cochran Doub and Frank L. Fuller III, Baltimore, Md., Marshall, Carey, Doub & Mundy, of Baltimore, Md., for plaintiffs.

Bernard J. Flynn, U. S. Atty., Frederick J. Green, Jr., Asst. U. S. Atty., Baltimore, Md., and Harold H. Bacon, Special Asst. to the Atty. Gen., for defendant.

COLEMAN, Chief Judge.

This is an income tax suit. The plaintiff taxpayers, citizens of Maryland, who are husband and wife, filed a single return, jointly, for the taxable year 1948. Included in their return of income is an item of long term compensation for legal services which had been received by the husband in 1948 from a law partnership of which he was a member, it not being disputed that this compensation was cognizable under the provisions of section 107(a) of the Revenue Code, 26 U.S.C.A. § 107(a), as long term compensation.

The question presented is the application of section 107(a) to a joint return, such as the one here involved, by husband and wife under the provisions of section 51(b) (1): that is, whether the compensation for legal services received in this case by the husband is cognizable under section 107(a) as current income of the taxable year in which it was received, or as income of the prior years in which it was earned, which involves a determination whether, under such a joint return of husband and wife, it is the status of the recipient of the income in the year of its receipt or the identity of the individual who contributed the services for which the income was eventually paid, which governs the application of section 107(a).

The salient facts are not in dispute. Therefore, suffice it to summarize them by stating that in the year 1948 Mr. Marshall received the sum of $134,890.93 as his share of compensation for legal services rendered by his law partnership for a period of seven years, that is, from March, 1938 until March, 1945, during all of which period Mr. Marshall had been a member of the firm; that he and his wife filed a single joint return for the taxable year 1948 in which they reported the amount of this fee, allocating one-half of it to Mr. Marshall and the other half to Mrs. Marshall, and then prorating each half under Section 107(a) over the period in which it had been earned, for the purpose of calculating the tax. In other words, the plaintiff taxpayers took the position that, by filing their joint returns under Section 51(b), *all* of their combined income, including the husband's compensation for legal services, is to be divided between husband and wife for tax purposes, with the result that the tax status of each spouse becomes that of an individual in whose gross income is to be included one-half of an item of the husband's compensation for legal services cognizable under Section 107(a) and pro-rated over the years in which it had been earned.

The Collector, however, disallowed as income of the wife any compensation for legal services received by the husband, claiming that such compensation is to be treated as the sole income of the husband in the years in which it was earned, with the result that an additional tax liability of $8129.07 was assessed against the taxpay--

ers for the year 1948, with interest in the amount of $856.22, which the taxpayers paid in due course under protest, and then, also in due course, filed a claim for refund of these amounts, on the ground that they had been erroneously and illegally collected because the method which the plaintiffs, and not the Collector, had used in computing plaintiff's taxable income under Sections 12(d), 51(b) (1) and 107(a) is the correct method. The claim for refund being disallowed, the plaintiff taxpayers brought the present suit.

There are three separate provisions of the Internal Revenue Code upon the interrelation and interpretation of which depends the answer to the question here in issue. These provisions are contained in sections 12(d), 51(b) (1), 107(a), 26 U.S. C.A.; §§ 12(d), 51(b) (1), 107(a).

Section 12(d) provides that "In the case of a joint return of husband and wife under section 51(b), the combined normal tax and surtax under section 11 and subsection (b) of this section shall be twice the combined normal tax and surtax that would be determined if the net income and the applicable credits against net income provided by section 25 were reduced by one-half." Section 51(b), as amended by section 303 of the Revenue Act of 1948, provides that "A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." Section 107(a) provides that "If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services)" is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

It will thus be seen from the above-quoted provisions of the tax laws, section 107(a) may be invoked by any taxpayer in whose gross income is included any part of long term compensation cognizable under this section, and that in a joint return of husband and wife under section 51(b), the combined income of the two is divided equally between them for the purposes of taxation, one-half thereof being treated as gross income of the husband and the other half as gross income of the wife. In applying section 107(a) the present plaintiff taxpayers claim that section 51(b) is applicable to all of the income reported in their joint return, including the husband's long term compensation for legal services; and that by the very act of filing a joint return, all of the income, including this compensation, is to be split and divided equally between husband and wife for tax purposes, so that the tax status of each spouse becomes that of an individual in whose gross income is included one-half of an item of compensation cognizable under section 107(a). In other words, the principle upon which the plaintiff taxpayers rest their claim is that their exercise of the option afforded them by section 51(b) to divide their combined income equally between themselves for purposes of taxation, determines the tax status of each of them for all accounting purposes under all applicable provisions of the Revenue Code which, it is conceded, are sections 12(d), 51(b) and 107(a), which we have heretofore quoted, and none others, and that under all of these provisions, when properly interpreted, each spouse is entitled to account for one-half of the combined income, including any compensation to either as a part thereof, as being income of the taxable year in which it has been received.

On the other hand, the Collector has ruled that sections 51(b) and 107(a) differ intrinsically with respect to the tax year with which they are respectively concerned; that is to say that section 107(a) is concerned with the tax year in which compensation has been earned and is not,

therefore, applicable to a tax year in which compensation, as here, was actually received but not earned; and that section 51(b) is concerned only with income earned during or since the year 1948, when that section became effective, and is not, therefore, applicable to the compensation involved in the present case, since it was earned in the years 1938 to 1945, inclusive.

It is essential, in interpreting the meaning of section 107(a), to understand the history of this legislation and also that of section 51(b).

Section 107(a) was first enacted in the Revenue Act of 1939 and was changed to its present form by section 139 of the Revenue Act of 1942. As originally enacted in 1939 only an individual who had rendered the services for which the compensation was paid was eligible to avail himself of the advantages of this section. See Lindstrom v. Commissioner, 9 Cir., 149 F.2d 344, affirming Ralph G. Lindstrom, 3 T.C. 686. By the amendment of 1942 the section was broadened so as to include any person required to report income cognizable under the existing revenue law. The language of the section, as amended, we have quoted, supra. This extention is explained in Senate Report No. 1631, 77th Cong., 2nd Sess., page 109, as follows: "In order for section 107(a) to be applicable, it is not necessary that the individual who includes in his gross income compensation for such personal services be the person who renders such service. For example, a partner who shares in compensation for such personal services rendered by the partnership may be entitled to the benefits of section 107(a), notwithstanding that he took no part in the rendering of such services. Likewise, in community property states, the spouse of a person who renders such personal services may be entitled to the benefit of section 107(a)." See to the same effect Treasury Regulation 111, section 29.107–1.

Following the 1942 amendment of section 107(a) it has been held by the Tax Court and by the Court of Appeals for the Third and the Ninth Circuits that it is the status of the recipient of the income in the year of receipt, and not his status in prior years, nor the identity of the individual who contributed his services that governs the application of section 107(a), as amended in 1942. Elder W. Marshall v. Commissioner, 14 T.C. 90, affirmed by short per curiam opinion, Commissioner v. Marshall, 3 Cir., 185 F.2d 674, Enerson v. Commissioner, 9 T.C.M. 42, and Nielson v. Commissioner, 9 T.C.M. 57, both affirmed by short per curiam opinion, 9 Cir., 187 F.2d 233. See also Federico Stallforth, 6 T.C. 140.

Turning now to a consideration of the legislative history of section 51(b), as amended by section 303 of the Revenue Act of 1948, this new legislation introduced the system of taxing married persons and their joint income based upon the system existing in community property states, where one-half of the total income of both spouses belongs to the husband and is taxed as his individual income and the other half belongs to the wife and is taxed as her individual income. Prior to this new legislation, in common law states such as Maryland, the tax on the joint or family income of the spouses was computed on the entire amount of income of husband and wife, if joint returns were filed, or, if individual returns were filed, then the income was taxable entirely to the spouse who received it, thereby creating a marked difference in the burden of income taxes paid by married persons residing in community property states and by those in common law states. That equalization of the federal income tax burden for married persons in all states was the aim of this amendment of 1948 is borne out by the following statement contained in both the Senate and the House Reports on this legislation: "Your committee believes that the best answer to the problem of geographical equalization is the splitting of the combined income of husband and wife. * * * Income splitting will produce the same result in common law states which now obtain in a community property state when the entire income of both spouses is community income. If, however, spouses in community property states have separate income, this also can be split by electing to file a joint return. Under existing law, separate income in community property states is taxed in full

to the spouse who received it. Thus the type of solution embodied in H.R. 4790 benefits residents of both common law and community property states." Senate Report No. 1013, 80th Cong., 2nd Sess., p. 24; House Report No. 1274, 80th Cong., 2nd Sess., p. 23.

As early as 1930 the validity of this type of federal income tax legislation to establish the tax status of the husband and wife was upheld by the Supreme Court. See Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed 239; Goodell v. Koch, 282 U.S. 118, 51 S.Ct. 62, 75 L.Ed. 247; Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249, and Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252. Following these decisions a number of common law states were prepared to adopt community property laws in order to give resident married persons the same relief from the burden of federal income tax laws that existed in community property states. This situation influenced Congress to amend Section 51 (b) in 1948.

We concur in what has been said in argument by counsel for the present plaintiff taxpayers that there can be no doubt that, if Maryland were a community property state, the result of the filing of the joint return by the present plaintiffs would be to confer upon the wife an equal share of the husband's compensation for legal services which he had rendered as a member of the law partnership. This would mean that, as the recipient of such equal share, the wife would be entitled to account for the tax attributable to that share, pursuant to the requirement of Section 107(a), just as though she had received the same ratably over the years of the earning period. There can be no doubt that unless income-sharing and income-dividing provisions of the 1948 amendment, together with Section 107(a), apply to such cases as the present, what we have shown to be clearly the declared purpose of Congress in enacting this legislation will not be effective, because the burden of the tax upon such taxpayers as those in the position of the present plaintiffs will be greater than it would have been if they resided in a community property state.

It is conceded by counsel for the Collector, as well as by counsel for the plaintiff taxpayers, that there is no reported decision that deals with the precise question before us. However, we believe that the decision of the Tax Court, with its reasoning, which was upheld by the Third Circuit Court of Appeals in the Marshall case, supra, is sound and that the facts in that case are sufficiently similar to support a like finding in the present case. The Court said, 185 F.2d 674: "These are petitions to review decisions of the tax court. The cases involve the construction of Section 107(a) of the Internal Revenue Code, 26 U.S.C.A., and the sole question is whether a newly admitted member of a partnership is entitled to the full benefits of that section with respect to his share of fees received for services rendered by the partnership during a period which began prior to his admission to the firm. We are in accord with the tax court that such a partner is entitled to the full benefits of Section 107(a). The reasons for this conclusion are well stated in the opinion filed by Judge Opper for the tax court in banc, 14 T.C. 90, and we need add nothing to what is there said."

It is true that the Marshall case dealt with a partnership situation while here we are dealing with a marital status. However, as just stated, we believe that neither the legislative history nor the intent of the amendment of 1948, impliedly or expressly, warrants any distinction between these two factual situations. In support of this conclusion we quote the following passages from the opinion of the Tax Court in the Marshall case, 14 T.C. 90, at pages 92-93: "Disposition of the controversy depends upon the answer to a simple and comparatively narrow question. Does section 107, Internal Revenue Code, in the form in which it was applicable to the years in issue, contemplate allocation of compensation for personal services rendered by a partnership over the entire period of rendition of the services, notwithstanding that the taxpayer-partner who shares in the compensation was not a member of the partnership during all of that period? * * *

"A comparison of the language of the section before and after the amendment demonstrates, however, that emphasis was reversed by the new provision and was removed from the person who rendered the services to the person who is required to report the income. That this was intentional appears from the legislative history:" (Then the Tax Court quoted the significant passage from Senate Report No. 1631, 77th Cong., 2nd Sess., p. 109, which we have quoted, supra). Then later, the opinion of the Tax Court states, 14 T.C. 90, at page 94: "Respondent's interpretation not only reduces the theory over which the compensation may be allocated, but entirely eliminates allocation where the partnership status does not extend over three years. These are results which were required under the predecessor section. Ralph G. Lindstrom, supra. They are not required by its present wording.

"In a sense, it is respondent's interpretation which would tend to create unreasonable consequences. Petitioner became associated with the firm early in 1938. By the end of 1943 that association had extended for almost five years. The record does not show whether or not petitioner in his capacity as an employee rendered services resulting in the fees received in 1943, nor what part this might have played in his becoming a partner. The failure to reveal this is not significant, bearing in mind the entire irrelevance of demonstrating whose services earned the compensation."

Two later decisions of the Tax Court, on similar facts, followed that court's decision in the Marshall case. See Enerson v. Commissioner, and Nielson v. Commissioner, supra. These cases were consolidated and the decisions of the Tax Court affirmed on appeal by the Ninth Circuit Court of Appeals in a short per curiam opinion, Commissioner v. Nielson, supra, consisting of only two paragraphs, the last of which we quote, 187 F.2d 233, at page 234: "The Tax Court decided that the taxpayer in each case is entitled to the full benefits of the section, reaching its conclusion on the authority of the cognate case of Marshall v. Commissioner, 14 T.C. 90, since affirmed by the third circuit, Commissioner v. Mar-

shall, 185 F.2d 674. We are satisfied that the Tax Court has correctly construed the statute and see no need for adding anything to what it has said."

Finally, it is significant that we have been referred to no Treasury Regulation which appears to support the Collector. On the contrary, counsel for the Collector has failed to reconcile his position with Treasury Regulation 111, sec. 29.107-1, to which we have previously referred. As this Regulation provides, the purpose of the computation under the provisions of section 107(a) is to determine whether the limitation in section 107(a) relative to the amount of tax (attributable to that part of the compensation which is included in the gross income of the taxpayers for the taxable year) is applicable. In other words, the limitation imposed by section 107(a) is measured by the amount of tax that would have been imputed to such part of the compensation as may be included in the gross income of an individual, had it been paid in the prior years as earned; and the reference back to prior years is thus merely an accounting method of measuring what the tax on the compensation would have been if it had been paid in such prior years.

For the reasons herein set forth, judgment will be entered for the plaintiffs for the amount, with interest, as claimed.