John E. McCLURE and Helen M. McClure, his wife

v.

The UNITED STATES of America.
Civ. No. 7578.

United States District Court
D. Maryland, Civil Division.
May 18, 1955.

and in 1944 he married Helen M. McClure. Under the income splitting provisions of the Revenue Act of 1948, 26 U.S.C.A. §§ 12(d) and 51(b), and the long term compensation provisions of the Internal Revenue Code of 1939, sec. 107 (a), 26 U.S.C.A. § 107(a), McClure contends that in spreading the fee back over the years 1930–1950, he is entitled not only (1) to split the income with his present wife back through 1944, the year of their marriage, but also (2) to split the income allocable to the years 1930–1943 (a) with his first wife, or (b) with his second wife, and to calculate the tax accordingly.

Taxpayers, John E. McClure and Helen M. McClure, his wife, are residents of Montgomery County, Maryland. On January 15, 1951, they duly filed with George Hofferbert, then Collector of Internal Revenue for the District of Maryland, a joint income tax return for the calendar year 1950 and paid a total tax thereon in the amount of $30,504.33. Thereafter they paid an additional $46.07 in income taxes for the year 1950 as a result of adjustments not presently in issue.

In that return, taxpayers included in gross income an item of $54,154.62, representing a fee paid to the husband, John E. McClure, for legal services rendered by him to Eastern Gas and Fuel Associates, in a series of related cases over a period beginning June 24, 1930, and ending June 21, 1950. In computing their tax liability with reference to this item, taxpayers elected to take advantage of the provisions of sec. 107(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 107(a).[1] The fee paid McClure in 1950 far exceeded 80% of all compensation paid him for those services, and it is not disputed by the government that the item comes within sec. 107(a). The only dis-

John P. McClure, Washington, D. C., for plaintiffs.

George Cochran Doub, U. S. Atty., James H. Langrall, Asst. U. S. Atty., Baltimore, Md., and H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Lester L. Gibson, Sp. Assts. to Atty. Gen., for defendant.

THOMSEN, District Judge.

This action for refund of federal income taxes involves a fee of $54,154.62, received by John E. McClure in 1950 for services rendered over the period 1930–1950. During the first part of that period, McClure was married to Helen P. McClure. In 1943 they were divorced,

---

1. The pertinent parts of sec. 107(a) are as follows:

"If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more * * * is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

pute involves the proper computation under that section.

In utilizing sec. 107(a), a taxpayer must spread back the compensation subject thereto evenly month by month from the date of receipt to the date the performance of the services began. He then computes how much, if any, his tax liability in each of those prior years would have been increased if the amounts so spread back had been included in income in each of those years. The increased amounts of tax so computed for each of those years are then added to the tax computed for the current year with so much of the compensation as is not allocable to the current year excluded.

In spreading back the $54,154.62 over a twenty year period, in order to determine the taxes which would have been attributable to the ratable portions of that amount if received in each of those twenty years, Mr. and Mrs. McClure, in their return filed in January, 1951, acted on the assumption that they could split between them the amounts so allocable to the tax years 1948–1950, but that for the tax years 1930–1947 Mr. McClure must recompute his tax liability as if the total amounts allocable to those years had been included in his income alone.

In so acting taxpayers were of the view, still held by the Commissioner of Internal Revenue, that in spreading back the fee under sec. 107(a) they could not split income allocated to a year prior to 1948. That was the year in which Congress sought to equalize the rights of married persons in community property states and in common law states by enacting provisions allowing a husband and a wife to split their income evenly between them for tax purposes when filing a joint return. Sec. 301, Revenue Act of 1948, 26 U.S.C.A. § 12(d); sec. 303, Revenue Act of 1948, 26 U.S.C.A. § 51(b)(1).[2]

After taxpayers filed their 1950 return and paid the tax as computed therein, Judge Coleman decided, in Marshall v. Hofferbert, D.C.D.Md., 108 F.Supp. 350, that in certain circumstances a husband and a wife may spread back income under sec. 107(a) on a split income basis for years prior to 1948. That decision was affirmed by the Court of Appeals for the Fourth Circuit in Hofferbert v. Marshall, 200 F.2d 648.

Thereafter, on or about November 9, 1953, taxpayers filed a claim for refund of taxes in the amount of $11,304.35, based upon the allegation that they were entitled to compute the tax on the $54,154.62 fee "in accordance with the recent decision * * * in Hofferbert v. R. E. Lee Marshall et ux. * * *". After the Commissioner had allowed six months to expire without taking action on the claim for refund, taxpayers brought suit in this court under 28 U.S.C.A. § 1346(a)(1).

The plaintiff, John E. McClure, was married to his first wife, Helen P. McClure, on August 25, 1920, and separated from her on September 3, 1943. They were divorced on October 20, 1943. Thereafter, on January 1, 1944, McClure married his present wife, Helen M. McClure, the co-plaintiff in this suit.

McClure filed a separate income tax return for each year 1930–1947, inclusive. His first wife, Helen P. McClure, had no separate income during the time of their marriage and filed no returns for the years 1930–1942. The evidence

---

2. Sec. 12(d)—"Tax in case of joint return. In the case of a joint return of husband and wife under section 51(b), the combined normal tax and surtax under section 11 and subsection (b) of this section shall be twice the combined normal tax and surtax that would be determined if the net income and the applicable credits against net income provided by section 25 were reduced by one-half."

Sec. 51(b)(1)—"Husband and wife. (1) In general. A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."

does not show whether she filed a return for 1943. The second wife, Helen M. McClure, filed no returns for the years 1930–1932, but filed separate returns for each year thereafter through 1947. From 1948 to date McClure and his second wife have filed joint returns.

Taxpayers now contend that under the square holding of the Marshall case, supra, they are entitled to split their income for the purposes of computation under sec. 107(a) at least as far back as the year of their marriage, 1944. The parties are agreed that if income splitting is allowed back to 1944, but no further, a refund of $2,905.42, plus statutory interest, is due. Taxpayers further contend that they should be allowed to compute the tax on amounts allocable to the tax years 1930–1942 and part of 1943 as though it had been returnable half in the income of Mr. McClure and half in the income of his former wife, who had no income of her own in those years. Under this theory a refund of $7,502.72, plus interest, would be due. In the alternative, taxpayers contend that the amounts allocable to all of the tax years 1930–1950 should be treated as though received half by Mr. McClure and half by his present wife. Under this theory a refund of $5,964.75, plus interest, would be due.

The government, while arguing that the decision in Hofferbert v. Marshall is wrong, admits that this court is bound by it, and that under that decision taxpayers are entitled to split so much of the income as is allocable to the years 1950 back through 1944; but the government contends that in no event can taxpayers split income, for the purposes of computation under sec. 107(a), beyond the year 1944, when they were married to each other; and that they cannot treat any part of the fee received in 1950 as though it had been received in

the years 1930–1943 by McClure's former wife.

Aside from the problems raised by McClure's divorce and remarriage in the case at bar, the facts are similar to the facts in Hofferbert v. Marshall. The opinions in the district court and on appeal in that case were the first judicial expressions upon a novel and difficult point, and I have been referred to no earlier treatment of the matter in the tax literature. Since that case, however, other voices have spoken. The Tax Court has twice followed the Marshall doctrine in cases involving almost identical facts. Stockly v. Com'r, 1954, 22 T.C. 28; Jillson v. Com'r, 1954, 22 T.C. 1101. The former case has been affirmed by the Third Circuit, one judge dissenting. Commissioner of Internal Revenue v. Stockly, 221 F.2d 745.

On the other hand, the Commissioner of Internal Revenue has announced his disagreement with Hofferbert v. Marshall, and has declared it to be Bureau policy not to follow it. Rev.Rul. 52–206, I. R.B.1954–1, 94. And Congress has seen fit to overrule it through legislation applying to tax years beginning after December 31, 1953. Revenue Act of 1954, sec. 1304(c), 26 U.S.C.A.[3]

However, this court is bound to follow Hofferbert v. Marshall for the tax year here in question, and it is clear that under that decision taxpayers are entitled to split the income subject to sec. 107(a) back to 1944, the year of their marriage. In determining whether they may go further, it is helpful to consider the history of the Code sections involved as well as the rationale of the Marshall decision.

Sec. 107(a) first appeared in the Revenue Act of 1939. In its original form it was available only to the person who actually rendered the services for which the compensation was paid. Under the

3. Sec. 1304(c). "Computation of tax attributable to income allocated to prior period.—For the purpose of computing the tax attributable to the amount of an item of gross income allocable under this part to a particular taxable year, such amount shall be considered income only of the person who would be required to include the item of gross income in a separate return filed for the taxable year in which such item was received or accrued."

section as then written, it was held that a partner in a law firm could not apply the section to fees received by him as a partner but earned by the firm in years before he became a partner. Lindstrom v. Com'r, 9 Cir., 149 F.2d 344. In 1942 the section was broadened, and the amended language was held to extend not only to the individual performing the services, but also to anyone required or allowed to include the compensation in gross income in the year of receipt. Thus, when the facts of the Lindstrom case arose again, a contrary result was reached, on authority of the amended statute. Marshall v. Com'r, 14 T.C. 90, affirmed per curiam Commissioner of Internal Revenue v. Marshall, 3 Cir., 185 F.2d 674; Enersen v. Com'r, 9 T.C.M. 42; Nielson v. Com'r, 9 T.C.M. 57, both affirmed per curiam 9 Cir., 187 F.2d 233.

In reporting out the 1942 amendment to sec. 107(a), the Senate Committee stated: "Likewise, in community property states, the spouse of a person who renders such personal services may be entitled to the benefit of section 107(a)." Senate Report No. 1631, 77th Cong., 2d Sess., page 109. Treasury Regulation 111, sec. 29.107–1 adopted this view.

Taxpayers in community property states had been splitting other income at least as early as 1930, in which year the Supreme Court sustained their right to do so. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239.

Secs. 51(b) (1) and 12(d) of the Revenue Act of 1948 introduced into the law the so-called "income splitting" provisions, designed to equalize the treatment of taxpayers in common law states with the treatment of those in community property states.

Since taxpayers in community property states could split long term compensation before spreading it back under sec. 107(a), see Ford v. Com'r, 9 Cir., 217 F. 2d 886, the decision in Hofferbert v. Marshall that taxpayers in common law states could do so too merely gave effect to the policy of equalization.

Taxpayers in the Marshall case were allowed to spread back to 1938 their re-spective shares of the income involved. But it should be noted that Mr. and Mrs. Marshall were married during the entire period from 1938–1945, while the fee was being earned, as well as in 1948, when it was paid. It does not necessarily follow from the Marshall case (a) that the husband, who performed the services, may split the income with a former wife, or (b) that the second wife, who did not perform the services, may spread back such income prior to the year of her marriage. There are logical, practical and policy objections to both propositions.

(a) Taxpayers' argument that half of the fee may be allocated to the first wife is of necessity based upon secs. 12(d), 51(b) or 107(a).

Secs. 12(d) and 51(b) (1), enacted in 1948, were not made retroactive to years before 1948; they only define how income is taxable in the current year. Spreading the income back, as a means of measuring the tax, is the work of sec. 107(a); and the purpose of that section is to provide that the total tax shall be no greater than it would have been if the compensation had been received in the years in which it was earned. Sec. 107 (a) does not seek to equate taxpayers in common law and community property states. That function is left to secs. 12 (d) and 51(b) (1); and those sections permit income splitting only with the spouse who occupies that status in the year of actual receipt of the income.

In Marshall v. Com'r, supra, the Tax Court said: " * * * it is the status of the recipient of the income in the year of receipt, and not * * * his status in prior years * * * that is made to govern the application of section 107(a) * * *." 14 T.C. 90, 94.

If the sec. 107(a) income, i. e., the fee, had been received in 1930–1943, all of it would have been the husband's; none of it would have been the wife's (Helen P. McClure's) in fact or in the tax sense. Nor would her income or lack of income have affected the tax her husband would have paid upon the fee or upon his other income, since they did not live in a community property state. The fact that

McClure was married to Helen P. Mc-Clure during the years 1930–1943 served only to give him an additional exemption and any additional deductions he may have been entitled to by reason of having been married.

McClure received the sum involved in 1950, and in that year his second wife, Helen M. McClure, by virtue of her marital status and the election to file a joint return, qualified under secs. 12(d) and 51(b) to treat half of that sum as her own. Since the second wife, in the tax sense, received her half of the fee in 1950, she alone could spread that half back under sec. 107(a).

(b) The question then arises, how far can she spread it back. Taxpayer's second contention, that the present Mrs. McClure can spread her share of the income back beyond the date of her marriage, is based primarily upon the decisions allowing partners to spread back partnership fees into years before they became partners and the decisions allowing wives to spread back income earned by the husband into years before enactment of the split income provisions. I do not feel that an extension of the reasoning in those cases to this situation is necessary or advisable.

█ It is true that the problem here involved is no longer of great concern to our national revenues nor even to the administrators of our tax laws. It affects only those taxpayers who received sec. 107(a) income in the tax years 1948–1953 and who married during the period the compensation was earned or after that period and before the date of receipt of the sec. 107(a) income. But the implications that an extension of the Marshall doctrine to the case at bar might carry cannot be overlooked. How much further should it be extended? The compensation might have been earned over twenty years, as in this case, and at the beginning of the period the wife might have been an unemancipated child, for whom her father was claiming exemptions and on whose income he was paying taxes under Treas.Reg. 111, sec. 29.51–3. Must the parent's taxes, in such circumstances, be recomputed for those years? A law review writer has suggested that in some cases the period might even start before the wife was born.[4] A line must be drawn somewhere. In my opinion, it should be drawn somewhere short of this case. To hold that income may be split between husband and wife in the year of receipt and then spread back through years of marriage, is one thing; to hold that such treatment may extend into years before the parties were married, is another. Such a privilege has never been afforded to taxpayers even in community property states. It is, therefore, not necessary to allow such a privilege in this case in order to give effect to the policy which caused the enactment of sec. 12(d), namely, the equalization of the treatment of taxpayers in community property and common law states. Such an interpretation of the law should not be adopted unless it is clearly required by the language of the statute. Tax exemption statutes are to be strictly construed, Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 49, 61 S.Ct. 109, 85 L.Ed. 29, and sec. 107(a) has been called an exemption statute in this sense. Smart v. Com'r, 2 Cir., 152 F.2d 333, certiorari denied 327 U.S. 804, 66 S.Ct. 962, 90 L.Ed. 1028; Lindstrom v. Com'r, 9 Cir., 149 F.2d 344.

█ I conclude that on the authority of Hofferbert v. Marshall, supra, plaintiff taxpayers may split the income involved between them back through the tax year 1944, and that for prior years Mr. McClure must treat the aliquot portions as includable in his income alone. So computed, taxpayers are entitled to a refund of $2,905.42, plus statutory interest.

I will sign an appropriate order to this effect.

4. 101 Pa.L.Rev. 1240, note 20, p. 1244 (1953).