John E. McCLURE and Helen M. McClure, Appellants,

v.

The UNITED STATES of America, Appellee.

No. 7064.

United States Court of Appeals Fourth Circuit.

Argued Nov. 10, 1955.

Decided Dec. 6, 1955.

William P. McClure, Washington, D. C. (John P. McClure, Washington, D. C., on brief), for appellants.

George F. Lynch, Atty., Dept. of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., and George C. Doub, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BARKSDALE, District Judge.

PARKER, Chief Judge.

This is an appeal in a tax case involving income tax for the year 1950. Taxpayers are husband and wife, who were married in 1944, and who filed a single return jointly under the provisions of section 51(b) of the Revenue Act of 1948. The controversy arises with respect to an item of income amounting to $54,154.62 collected by the husband, an attorney at law, in the year 1950, but representing more than 80% of the payment for services performed by him for one client between 1930 and 1950. Taxpayers contend that they are entitled to split this item of income in accordance with the provisions of 26 U.S.C. §§ 51(b) and 12(d) and compute the tax in accordance with the formula of 26 U.S.C. § 107(a). It is admitted that, if this is correct, they are entitled to recover in this action the sum of $5,964.75 plus interest. The District Judge held, 131 F.Supp. 313, that taxpayers were entitled to split the income only during the years of coverture, i.e., beginning with the year 1944, and allowed recovery in the amount of only $2,905.42 plus interest. The taxpayers have appealed.

We think that the District Judge was in error in limiting to the years of coverture the right to split income and apply to it the provisions of 26 U.S.C. § 107 (a). The statutory provisions contain no such limitation. Section 107(a) provides:

"(a) Personal services. If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of

the period which precedes the date of such receipt or accrual."

26 U.S.C. § 12(d) provides:

"Tax in case of joint return. In the case of a joint return of husband and wife under section 51(b), the combined normal tax and surtax under section 11 and subsection (b) of this section shall be twice the combined normal tax and surtax that would be determined *if the net income and the applicable credits against net income provided by section 25 were reduced by one-half.*" (Italics supplied.)

 It is not the time when the income is earned that determines the right to split it, but the time when it is received; and when it is split, the provisions of section 107(a) become applicable to the portion attributable to each spouse. And it is no answer to the express requirement of the statute that the result may be to arrive at a tax less the amount which would have been paid if the income had been distributed over the years in which it was earned and tax paid on it at that time. As we said in Hofferbert v. Marshall, 4 Cir., 200 F.2d 648, 651–652, which is controlling here:

"It is objected that the effect of applying the split of income allowed by the statute along with the provisions of section 107(a) is to arrive at a tax less than that which would have been paid if the income had been received in the years in which it was earned and tax paid on it at that time, when no splitting of income was allowed by law. This is true; but the answer is that the income was received when splitting was permitted, and section 107(a) must be applied to it as split. That section does not require that the income be taxed in the year when earned but merely provides a formula for determining the tax on long term compensation in the year when it is received and taxable. Treasury Regulation 111, sec. 29.-107–1; Elder W. Marshall, 14 T.C. 90, affirmed Commissioner of Internal Revenue v. Marshall, 3 Cir., 185 F.2d 674; Federico Stallforth, 6 T.C. 140, 158. *Under the authority of the act of 1948, the joint return is applicable to all income received by the taxpayers in that year. One-half of that income, including the long term compensation, is attributable under the statute to each spouse and the wife has just as much right to the benefits of section 107(a) as the husband.* The contention of the government would nullify the effect of the act of 1948 with respect to income representing long term compensation; and we find nothing in the language, in the history or in the reason and spirit of the act which would justify such a result." (Italics supplied.)

Nothing in either section 107(a) or section 12(d) limits the application of section 107(a) to the one who has earned the income. Under the terms of the section as originally enacted its application was so limited. Ralph G. Lindstrom, 3 T.C. 686, affirmed Lindstrom v. Commissioner, 9 Cir., 149 F.2d 344. The section was amended to its present form, however, by section 139(a) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev. Acts, page 207; and the purpose of the amendment was thus explained in Senate Report No. 1631, 77th Congress 2d Session page 109, where it was said:

"In order for section 107(a) to be applicable it is not necessary that the individual who includes in his gross income compensation for such personal services be the person who rendered such services. For example, a partner who shares in compensation for such personal services rendered by the partnership may be entitled to the benefits of section 107(a), notwithstanding that he took no part in the rendering of such services. *Likewise, in community property states, the spouse of a person who renders such personal services may be entitled to the benefits of section 107(a)*". (Italics supplied.)

■ That the section as amended in 1942 is applicable to income not earned by the taxpayer does not admit of question. See Elder W. Marshall, 14 T.C. 90, affirmed Commissioner of Internal Revenue v. Marshall, 3 Cir., 185 F.2d 674; Federico Stallforth, 6 T.C. 140, 158. As said in Elder W. Marshall v. Com'r, supra, 14 T.C. 90, 94: " * * * it is the status of the recipient of the income in the year of receipt, and not his status in prior years, Federico Stallforth, 6 T.C. 140, or the identity of the individual who contributed the services that is made to govern the application of section 107 in its present form". See also Comm'r v. Nielson (and Comm'r v. Enersen), 9 Cir., 187 F.2d 233.

■ The limitation imposed by the District Judge was based upon the idea that the purpose of Congress in the enactment of the Act of 1948 authorizing the splitting of income was to give to taxpayer in common law states a right which taxpayers in community property states were then enjoying. Even if this were correct, it would not justify the engrafting of a limitation upon the clear and unambiguous language used by Congress in the statute; but it is not correct. The purpose of the statute was indeed to put taxpayers in common law states and community property states on an equality, but as we pointed out in Hofferbert v. Marshall, supra, this was accomplished by permitting the splitting of individual income in community property states as well as in common law states. We said:

"The purpose of this change in the law was to equalize the tax burden on married couples in community property and common law states and to give in common law states the advantages of splitting income which the community property states had enjoyed and which was leading to widespread attempts to change the laws of the common law states. The effect of the change was also to permit splitting of individual income in community property states."

We quoted at length from the Senate Report accompanying the bill (U. S. Cong. Service 80th Cong. 2d Sess. vol. 2 pp. 1184–1187) including the following paragraphs:

"Your committee believes that the best answer to the problem of geographical equalization is the splitting of the combined income of the husband and wife. Income splitting is effected under H.R.4790, as amended, by giving husbands and wives in all States the option to file joint returns. In these returns their combined net income and their combined exemptions are divided by 2. A tax is computed on this basis, and multiplied by 2.

"Income splitting will produce the same result in common-law States which now obtains in a community-property State when the entire income of both spouses is community income. If, however, spouses in community-property States have separate income, they may split their income by electing to file a joint return. Under existing law, separate income in community-property States is taxed in full to the spouse who receives it. Thus, the type of solution embodied in H.R.4790 as amended, benefits residents of both common-law and community-property States."

We entertain no doubt as to the correctness of the decision in the case of Hofferbert v. Marshall, supra, on the law as it then stood. See also United States v. Koontz, 4 Cir., 223 F.2d 250; Commissioner v. Stockly, 22 T.C. 28, 3 Cir., 221 F.2d 745; Mahler v. Com'r, 22 T.C. 1180. The fact that Congress has seen fit to change the law in the meantime is no argument to the contrary.

The judgment appealed from will be modified by increasing the amount awarded taxpayer to the sum of $5,964.75 plus interest and as so modified it will be affirmed.

Modified and affirmed.