**In the Matter of Walter BUCHHOLTZ, Bankrupt.**

**No. 3-65-46.**

United States District Court
D. Minnesota,
Third Division.

March 31, 1966.

Harry N. Ray, St. Paul, Minn., for bankrupt.

E. Thomas Brennan, St. Paul, Minn., Trustee pro se.

### MEMORANDUM

LARSON, District Judge.

The petitioner was adjudicated a bankrupt on January 13, 1965. The bankrupt and his wife (not a bankrupt) filed a joint Federal income tax return for the year 1964. Both the bankrupt and his wife had income subject to withholding tax. After adjudication, the Internal Revenue Service refunded to the bankrupt and his wife the sum of $165.74. The Trustee claims that he is entitled to 71% or $117.68 of this amount. The Referee concluded that the percentage of refund in this fact situation is to be computed upon the percentage of withholding contributed by each to the combined total withheld, and ordered the bankrupt to pay $117.68 to the Trustee.

The bankrupt argues that (1) the Referee's findings are incorrect in that the evidence does not support an election by the bankrupt to file a joint return, (2) the conclusions of law are based on an

arbitrary formula, and (3) the formula applied is inequitable.

At the hearing counsel for bankrupt argued that the refund was not property because not subject to execution, etc. This argument is answered by Segal, et al. v. Rochelle, Trustee, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428, decided by the United States Supreme Court on January 18, 1966.

The filing of the joint return resulted in a larger joint refund of $40.39 and it is this amount that the bankrupt says the Trustee is entitled to. The bankrupt has submitted calculations which show that if he had filed a single return that he would have had to pay a deficiency. The bankrupt and his wife chose to file a joint return. Having made this election the bankrupt cannot now say that he filed or should have filed a single return for himself.

The Court realizes that the amount withheld for tax is affected by exemption claims and that a husband and wife by allocating exemptions can adjust the tax to be withheld from the tax payments of each. It may be that a Court of equity should explore this determination and perhaps in determining the final tax to be paid also go into the various deductions which again may be allocated by the husband or wife depending upon income, tax bracket and other tax factors. The parties agreed that this determination could or should not be done here.

The Bankruptcy Court sits, as the parties concede, as a Court of equity. The Referee in the exercise of his equity jurisdiction has determined that a fair determination requires that the refund be allocated in proportion to the respective withheld tax contributions. Other choices might possibly be made. The contribution formula seems clearly equitable and is the preferred choice.

The decision of the Referee must therefore be affirmed.