Iva **CROSBY**, O. E. Critchlow, and William C. Critchlow, Executor of the Estate of Clarence A. Critchlow, Deceased, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

**No. S 68 C 10.**

United States District Court
E. D. Missouri,
Southeastern Division.

March 24, 1969.

Blanton, Blanton & Rice, Sikeston, Mo., for plaintiffs.

James E. Reeves, U. S. Atty., E. H. Kajan, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This is a suit under 26 U.S.C. § 7422 for the recovery of estate taxes paid to the Commissioner of Internal Revenue as a result of an allegedly erroneous or illegal assessment. This Court has jurisdiction under the provisions of 28 U. S.C. § 1346. The cause was submitted on the stipulated facts, which are incorporated herein by reference, and briefs submitted by both parties. Particular facts will be set forth here only in the interest of clarity.

The estate in question is that of William C. Critchlow. William C. Critchlow and Alice E. Critchlow, his wife, owned as tenants by the entirety, four parcels of real estate located in New Madrid County, Missouri. They also owned as joint tenants certain real estate located in Phillips County, Colorado. William and Alice Critchlow executed a joint will on June 15, 1947, and executed a joint codicil thereto on September 1, 1949. Alice E. Critchlow died on August 13, 1950. The joint will was not probated, and a petition for refusal of administration of her estate for insufficiency of assets was granted by the Probate Court of Scott County, Missouri. William C. Critchlow, in 1956, executed deeds conveying the real estate to his various children as inter vivos gifts and retaining a life estate in himself. This was contrary to the provisions of the joint will and codicil executed by William and Alice before her death. William C. Critchlow died in 1962, and the joint will and codicil was probated.

The District Director of the Internal Revenue determined that 100% of the value of the above real estate should be included in the decedent's gross estate. The plaintiffs contend that only 50% of the value of the real estate should be included in the gross estate of William C. Critchlow. It is contended that the joint and mutual will of William and Alice destroyed the right of survivorship in the property held by them as tenants by the entirety, and that by the terms of the will one-half of the real estate passed upon the death of the wife. The plaintiffs contend that the wife left a life estate in one-half of the lands to the husband, with a remainder in that half of the lands vesting in the children upon her death.

Estates by the entireties are peculiar creatures of the common law. An estate by the entirety has no moieties. The husband and wife, by reason of their legal unity by marriage, take the whole estate as one person. Each spouse holds the entirety, and upon death of one the entire estate belongs to the other, not by virtue of survivorship, but by virtue of the title that vested under the original limitation. 4 Thompson, Real Property, § 1803. A tenancy by the entirety differs from a "joint tenancy where the survivor succeeds to the whole estate by right of the survivorship; in an estate by entireties the whole estate continues in the survivor. The estate

remains the same as it was in the first place, except that there is only one tenant of the whole estate whereas before the death there were two." Ashbaugh v. Ashbaugh, 273 Mo. 353, 201 S.W. 72 (1918).

To destroy the tenancy by the entirety and create an estate in which one-half of the land passed under the will upon the death of the wife, as urged by the plaintiffs, would require that the estate be converted into a tenancy in common with each spouse disposing of his or her share of the property by the will. Each would then leave a life estate in one-half of the land to the surviving spouse with a remainder in their children.

This Court need not determine whether it is possible under Missouri Law for a husband and wife to accomplish this by means of a joint and mutual will. The present case is similar to that discussed in Stewart v. Shelton, 365 Mo. 258, 201 S.W.2d 395 (1947). In the *Stewart* case, J. T. and Josie Stewart, husband and wife, owned certain property as tenants by the entirety. They executed a joint will which the Missouri Supreme Court held to have become irrevocable upon the death of the husband. The Court also held that a tenancy by the entirety was a proper subject matter of such a joint will. The Court noted that neither spouse acting alone could do anything to affect the "right of survivorship". The Court then said that "by agreement and joint act the two by will may devise a remainder over after life enjoyment by the surviving spouse." This is the language on which the plaintiffs in the present case rely to support their contentions as to the effect of the Critchlow will. The Court's meaning by this statement is clarified by the conclusionary sentence in the same paragraph.

"Acting jointly, as they could and did do, the husband and wife merely agreed by their joint will that after they both were deceased that their estate held by them by entirety should go to all of the brothers and sisters of the two of them." Stewart v. Shelton, supra, at 398.

The Court also said that

"By the joint will nothing at all was left by either testator to the other and nothing passed under the will on the death of the first to die. The will provided 'this joint will shall be in full force and effect from and after the death of the survivor herein.'" Stewart v. Shelton, supra, at 397.

The provisions of the joint and mutual will of William C. Critchlow and Alice E. Critchlow, which are pertinent here, are in the second paragraph and in Article Fourth:

"This joint will shall be in full force and effect from and after the death of the survivor herein. That it is agreed by and between the said William C. Critchlow and the said Alice Critchlow husband and wife, that this joint will shall be irrevocable after the death of the first testator to die."

"Article Fourth

"It is our mutual, joint, and irrevocable will and we do hereby mutually give, devise and bequest the remainder of all our joint estate, real, personal and mixed, after the life enjoyment by the surviving spouse herein, to our three surviving children, namely: * * *"

The Critchlow will shows no intention to convert the entirety estate into a tenancy in common. The Critchlow will, as did the Stewart will, passed nothing to the surviving testator upon the death of the other. The Critchlow will is an agreement between a husband and wife as to the ultimate disposition of their entirety property and is not an attempt to convert that property into a different type of estate.

The other Missouri cases cited by the plaintiffs hold that property held by husband and wife as tenants by the entirety may be ultimately disposed of by a mutual will, or a joint and mutual will, which becomes irrevocable upon the death of the first spouse. They do not, as does not the Stewart case, stand for

the proposition that such a will changes the nature of the estate of the entirety's property.

Accordingly, judgment will be entered for the defendant and against the plaintiffs.