In the Matter of Gary Gene WET-
TEROFF, Bankrupt.

Gary Gene WETTEROFF,
and
Joan M. Wetteroff, Appellants,

v.

Sheldon D. GRAND, Trustee, Appellee.

No. 71–1152.

United States Court of Appeals,
Eighth Circuit.

Jan. 13, 1972.

Rehearing and Rehearing En Banc
Denied Feb. 2, 1972.

Joseph Langworthy, Pacific, Mo., for appellants.

Richard A. Littmann, Clayton, Mo., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal presents the issue of whether or not a tenancy by the entirety can be created solely by the filing of a joint tax return. The opinion of District Judge Regan and two opinions by Referee Brauer which answer the ques-

tion in the negative are reported at 324 F.Supp. 1365 (E.D.Mo.1971).

At the end of the calendar-tax year the bankrupt, Wetteroff, and his non-bankrupt wife filed a joint tax return as permitted by § 6013(a) of the Internal Revenue Code (26 U.S.C. § 6013(a)). A refund of $541.67 was due as a result of a deliberate failure to claim his full exemption entitlements. The refund had its basis entirely in withholding taxes collected from the bankrupt's wages in 1969, the wife having had no taxable income during that year. On April 6, 1970, the bankrupt filed a debtor's petition for adjudication as a bankrupt, not listing the tax refund due as an asset. Upon discovery of the refund due, the trustee sought an order to require the non-bankrupt wife to endorse the refund check, which was made payable to "Gary G. & Joan M. Wetteroff," to enable the proceeds to be administered upon as an asset of the bankrupt husband's estate. Following an evidentiary hearing, the referee granted the requested order.

Under the Bankruptcy Act the trustee may reach every kind of property capable of being transferred by the bankrupt or levied upon by his creditors or otherwise seized and sold by judicial process. 11 U.S.C. § 110(a) (5). The law of the state where the property is situated determines the extent of the bankrupt's interest in the property and whether the interest is transferable. Thus state law may prevent the title of certain properties from vesting in the trustee in bankruptcy. In Missouri, property held under the form of ownership described as a tenancy by the entirety is not an asset includable in the bankrupt's estate, i. e., the trustee does not succeed to entirety property under § 70(a) of the Bankruptcy Act (11 U.S. C. § 110(a)), United States v. Hutcherson, 188 F.2d 326 (CA8 1951); Blodgett v. United States, 161 F.2d 47 (CA8 1947) and Shipman v. Fitzpatrick, 350 Mo. 118, 164 S.W.2d 912 (1942), unless both the husband and wife are petitioners in bankruptcy and the proceedings are consolidated. See *Shipman, supra,*

at 913–914. Compare, Dickey v. Thompson, 323 Mo. 107, 18 S.W.2d 388 (1929).

Neither the husband nor the wife has a separate and identifiable interest or moiety in entirety property, they hold per tout et non per my, a result of the common law's treatment of the husband and wife as one legal person—a legal unity of the spouses. Each owns the whole of the estate and severance is an impossibility save by death or divorce. Upon death the estate continues in the surviving spouse. Contrary to the common law, however, Missouri recognizes entirety estates in personalty and also allows such an estate to be created by a conveyance from a husband to himself and his wife. Indeed, in any conveyance to a husband and wife, there is a rebuttable presumption that an entirety estate was created. See Crosby v. United States, 298 F.Supp. 172 (E.D. Mo.1969); Beaufort Transfer Co. v. Fischer Trucking Co., 451 S.W.2d 40 (Mo. 1970); In re Estate of O'Neal, 409 S.W. 2d 85 (Mo.1966); Kluck v. Metsger, 349 S.W.2d 919 (Mo.1961); Creek v. Union Nat'l Bank in Kansas City, 266 S.W.2d 737 (Mo.1954) and Ryan v. Ford, 151 Mo.App. 689, 132 S.W. 610 (1910). See generally, 4A Collier on Bankruptcy, ¶ 70.17(8), 70.18(7) (14th Ed. 1969); C. Moynihan, Law of Real Property, 230–35 (1962); 2 American Law of Property, § 6.6 (1952); 2 Blackstone, Commentaries * 182; Comment, "Entireties Property: The Effects of Bankruptcy on Creditors' Rights," 28 U.Pitt. L.Rev. 267 (1966); Comment, "Tenancy By The Entirety In Personalty In Michigan," 42 U.Det.L.J. 362 (1965); and Francis, "Joint Tenancy and Tenancy By The Entirety: Four Unities Requirement," 36 Ky.L.J. 202 (1948).

Appellants argue that under Missouri law, the filing of the joint tax return by the bankrupt husband and non-bankrupt wife had the effect of a conveyance by the husband of his individual interest in the refund due to himself and his wife as tenants by the entirety. At the hearing before the referee, appellants both testified that even though the wife had

no income in 1969 and had contributed nothing "to the refund," they thought the refund was a joint refund—like a joint bank account to which he deposited his wages and where either was entitled to draw on the account.

■ Concededly, the authorities cited to by counsel for the trustee which deal with this problem were not in jurisdictions which favored or allowed estates by the entirety. These decisions do clarify one point, however. Congress, in enacting § 6013(a) which allows a husband and wife to file a "single return jointly of income taxes," intended primarily to equalize the tax burden for married persons in all states, eliminating the disparities which resulted between common law and community property states. In any event, Congress most definitely did not intend § 6013(a) to affect or change the ownership of property rights between taxpayers. Additionally, in In re Illingworth, 51 Am.Fed.Tax R. 1512 (D. Or.1956), the court said at 1513:

> In the case of an income tax refund, the bankrupt is not presumed to be desiring a conveyance of a portion to his wife, but is merely taking advantage of the statute which gives to residents of non-community property states by permitting them to file joint tax returns and reduce the tax they would otherwise have to pay. * * * The Government . . . makes no attempt to determine what part of such refund should belong to the husband and what part to the wife, but leaves it to the recipients to decide how such refund shall be divided or used.

See also, In re Carson, 83 N.J.Super. 287, 199 A.2d 407 (1964); Stanley A. Dunn, ¶ 63, 189 P–H Memo TC, 1037; In re Buchholtz, 259 F.Supp. 31 (D. Minn.1966) and Dolan v. Commissioner, 44 T.C. 420, 427–429 (1965).

*Illingworth* rules that the filing of a joint tax return does not automatically convert the interests of the husband in the refund into a joint interest in the husband and wife, and also implies that a joint tax return may not be utilized as a conveyancing instrument. For reasons discussed below, we need not decide this issue.

■■ It is an elementary principle of conveyancing law that an instrument claimed to have conveyed a property interest must contain proper words of conveyance showing an intent upon the part of the grantor to transfer his interest, estate or claim. See, Willis v. Robinson, 291 Mo. 650, 237 S.W. 1030 (1922) and Wimpey v. Ledford, 177 S.W. 302 (Mo. 1915). Compare, Davidson v. Eubanks, 354 Mo. 301, 189 S.W.2d 295 (1945). Construing the bankrupt husband's intentions from within the four corners of the instrument, here a joint tax return, we find it to be wholly devoid of any operative words of conveyance. Immediately prior to the signatures of the taxpayers on a Department of Treasury/Internal Revenue Service Form 1040 is a statement, "Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct and complete." On line 25 of the form space is provided for the taxpayers to enter the figure they calculate as refundable due to overpayment during the year. We have no difficulty in holding that the intentions of the bankrupt husband (grantor) were not clearly expressed in the instrument.

Assuming that here the bankrupt husband, knowing of the IRS practice of returning joint tax return refunds to both the husband and wife, intended these events to have the effect of a transfer of his interest in the refund, he was certainly given an opportunity to establish such before the referee in bankruptcy. His testimony (and that of his wife) was not considered credible nor given any probative value under the circumstances by the referee who stated, "I cannot believe that, when the joint return was prepared for filing and signed, either the bankrupt or his wife, or both together, engaged in any such philosoph-

ical considerations as their testimony would imply."

After a review of the entire record, we conclude that the Referee's findings of fact are supported by credible evidence and are not clearly erroneous. See Solari Furs v. United States, 436 F. 2d 683 (CA8 1971).

Affirmed.