In re Everett Lee **COLBERT**, Sr., Sarah Ellease Colbert, aka: Ellease Colbert, Debtors.

Bankruptcy No. 2–80–00096.

United States Bankruptcy Court, S. D. Ohio, E. D.

Aug. 14, 1980.

Stanley R. Stein, Columbus, Ohio, for debtors.

Thomas C. Scott, Columbus, Ohio, trustee.

FINDINGS, OPINION AND ORDER ON CLAIM OF EXEMPTION IN INCOME TAX REFUND

Grady L. PETTIGREW, Bankruptcy Judge.

This matter is before the Court on a dispute between the trustee and the debtors over the debtors' right to a claimed exemption.

The facts are uncontroverted. The debtors' amended Schedule B–2 reveals Federal and State income tax refunds totaling $1,611 as property of the debtors. Each joint debtor claimed $400 of this amount as exempt under ORC § 2329.66(A)(4)(a) and $400 as exempt under ORC § 2329.-66(A)(17). The debtors filed joint tax returns for 1979. However, only Everett Lee Colbert, Sr., was employed outside the home and received income from which money was withheld to satisfy the anticipated tax liability for that year. The trustee has objected to the claim of exemption in the tax refunds by Sarah Ellease Colbert. The debtors have opposed the trustee's objection.

The trustee contends that Sarah Ellease Colbert has no property interest in the tax refunds and is not entitled to claim any portion of the refunds as exempt because no portion of the refund is attributable to withholdings from income she earned. He also contends that she can claim no property interest in the refunds by virtue of the marital relationship, relying upon ORC § 3103.04 which states in pertinent part:

"Neither husband nor wife has any interest in the property of the other. . . ."

The debtors advance three arguments in support of the claimed exemption. First, they contend that the tax refund check is joint property because both spouses are named payees on the check. Further, they argue that the joint tax liability created by filing a joint tax return under 26 U.S.C. § 6013 creates a property interest in the refund for the non–income producing spouse. Finally, they contend that to deny Mrs. Colbert the exemption discriminates against a non–income producing wife on the basis of sex and violates the Constitutional guaranty of equal protection.

The Ohio exemption statutes in question state:

"§ 2329.66(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

\*　　\*　　\*　　\*　　\*　　\*

"(4)(a) the person's interest, not to exceed four hundred dollars, in cash on

hand, money due and payable, money to become due within ninety days, tax refunds, . . . . This division applies only in bankruptcy proceedings. . . .

\* \* \* \* \* \*

"(17) the person's interest, not to exceed four hundred dollars, in any property, except that this division applies only in bankruptcy proceedings."

The sole issue before this Court is whether a non–income producing spouse has a property interest in the tax refunds of an income producing spouse so as to be entitled to claim an exemption in the refunds.

■ The fact that an income tax refund is a property right of a debtor in bankruptcy was decided by this Court in *In Re Robert C. DeVoe*, 5 B.R. 618 (BC S.D. Ohio, 1980). The extent to which one possesses an interest in property is governed by applicable state law. *Hayes v. Schaefer*, 399 F.2d 300 (6th Cir., 1968).

■ At common law, the husband and his wife were considered to be a single legal entity. As to the personal and property rights of the wife,

" 'the very legal existence of the wife was regarded as suspended for the duration of the marriage . . . . The husband acquired the right to possession and use of his wife's real and personal property . . .'

"Every state has enacted statutes which have changed the common law rule and have assigned to a married woman a separate legal identity and secured for her a separate legal estate in her own property." *Damm v. Lodge*, 158 Ohio St. 107 at 113, 107 N.E.2d 337 at 341 (1952).

■ The Ohio Supreme Court has further discussed these statutes stating:

"The rights of a married woman in this state have been extended by express provisions of our laws, and she now has full power to contract, and the unlimited right to have and enjoy the benefits of her contracts and the fruits of her employment. These modern statutes relating to the property rights of married women are generally intended to cut off

the common–law rights of the husband to the personal estate of the wife. They have been construed to constitute as her separate estate a separate business or trade which she may carry on, and all the property incident thereto. Under the provisions referred to, the earnings of a married woman, or property acquired by her labor constitute her separate property, and no part thereof or interest therein can in any wise be claimed by the husband as against her." *Board of Education v. Boal*, 104 Ohio St. 482 at 484, 135 N.E. 540 at 540 (1922).

Ohio Revised Code § 3103.04 is such a statute stating that neither spouse shall have an interest in the property of the other. The earnings of an income producing spouse are the property of that person alone. One spouse has no property interest in the earnings of the other spouse, neither the husband in the wife's nor the wife in the husband's.

Usually, income tax liability arises from the receipt of income. To facilitate the collection of taxes owed on such income, both the Internal Revenue Service and the Department of Taxation of the State of Ohio have adopted a scheme whereby a portion of the taxpayer's earnings is withheld by an employer and remitted to the taxing authority to be applied against the taxpayer's total tax liability at the end of the year. During the course of the year withholdings are in the nature of a savings account, unreachable by, but nevertheless property of the income producing taxpayer.

A taxpayer's withholdings in excess of any tax liability are returned to the taxpayer in the form of a refund. That refund is the property of the taxpayer from whose earnings it was withheld. If both spouses receive income from which withholdings were withheld, each spouse has a property interest in the refund to the extent that their withholdings exceeded their portion of the joint tax liability, based on his or her income in proportion to the gross family income. Therefore, where two spouses incur an income tax liability, the portion of each individual's interest in the tax refund

must be computed. First, divide the individual's income by the couple's joint income to obtain a percentage. Second, multiply that percentage by the couple's total tax liability to obtain the individual's proportionate tax liability. Third, subtract that individual's proportionate tax liability from that individual's withholdings to obtain the amount of his or her interest in the joint tax refund. The formula for this computation is:

One spouse's withholdings $- [\frac{\text{That same spouse's income}}{\text{Joint income}}$
x (Joint tax liability)] = The amount of that spouse's refund.

■ In the instant case, the debtor, Mrs. Colbert's withholdings for the year were zero. Her property interest in the refund was, therefore, zero.

The filing of a joint tax return under 26 U.S.C. § 6013 does not alter the ownership of the property rights in the refund. The court in *In re Wetheroff*, 453 F.2d 544 (1972), cert. denied 409 U.S. 934, 93 S.Ct. 242, 34 L.Ed.2d 188, rehearing denied 409 U.S. 1050, 93 S.Ct. 532, 34 L.Ed.2d 503, has addressed this problem.

"Congress, in enacting § 6013(a) which allows a husband and wife to file a 'single return jointly of income taxes,' intended primarily to equalize the tax burden for married persons in all states, eliminating the disparities which resulted between common law and community property states. In any event, Congress most definitely did not intend § 6013(a) to affect or change the ownership of property rights between taxpayers." at 547.

This conclusion has also been reached in other jurisdictions: *McClure v. U. S.*, 228 F.2d 322 (4th Cir., 1955); *In re Illingworth*, 51 Am.Fed.Tax R. 1512 (1956); and, *In re Boudreau*, 350 F.Supp. 644 (D.Connecticut, 1972). The *Illingworth* court stated:

"The Government in making a tax refund makes no attempt to determine what part of such refund should belong to the recipients to decide how such refund shall be divided or used." at 1513.

■ The Ohio legislature in enacting ORC § 3103.04 did not create a legislative classification subject to scrutiny as a violation of the guaranty of equal protection. This statute on its face and as construed creates no classification, rather it eliminates the classification and unequal treatment afforded married women under common law. The statute restores to this category of individuals and affirms for their male counterparts certain property rights abrogated by common law for married women during coverture.

The exemption provisions of the Ohio Revised Code allow a debtor to hold exempt certain portions of his interest in particular property. These sections certainly create a legislative classification between those who have an interest in certain types of property and those who do not.

■ The Equal Protection Clause of the Fourteenth Amendment does not deny "States the power to treat different classes of persons in different ways." *Reed v. Reed*, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971). It does, however, require that the classification have a reasonable basis in fact and be rationally related to the objective of the statute, a legitimate end of government.

The Supreme Court in *Tigner v. Texas*, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124 (1939) stated:

"The equality at which the 'equal protection' clause aims is not a disembodied equality. The Fourteenth Amendment enjoins 'the equal protection of the laws,' and laws are not abstract propositions. They do not relate to abstract units A, B and C but are expressions of policy arising out of specific difficulties, addressed to the attainment of specific ends by the use of specific remedies. The Constitution does not require that things which are different in fact or opinion to be treated in law as though they were the same." at 147, 60 S.Ct. at 882.

The Ohio Legislature was given the power to provide an alternative scheme of exemptions available to bankruptcy debtors in 11 U.S.C. § 522(b). The single purpose in allowing a debtor to exempt certain proper-

ty from the bankruptcy estate is to provide him a post–bankruptcy fresh start. Any exemption allowed to a debtor can only be in property in which that debtor has an ownership interest. That one debtor possesses such an interest and another does not is not within the constitutional guaranty of equal protection.

For the foregoing reasons, this Court finds that the debtor, Sarah Ellease Colbert, has no property interest in the tax refunds in question and is not entitled to claim any portion of the refunds as exempt.

IT IS SO ORDERED.