### In re Donald Lee BAKER, Barbara Ann Baker, Debtors.

Bankruptcy No. 2–87–00358.

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 3, 1987.

Thomas R. Straus, Steubenville, Ohio, Trustee.

Andrew W. Miller, Steubenville, Ohio, for debtors.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an objection by Thomas R. Straus, the duly-appointed trustee in this Chapter 7 bankruptcy estate ("Trustee"), to an exemption claimed by debtor Barbara Baker. That objection was opposed by both Barbara and Donald Baker and was heard by the Court.

The Court has jurisdiction in this contested matter under the provisions of 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

---

## FINDINGS OF FACT

The facts are not disputed by the parties. The debtors filed their petition under the provisions of Chapter 7 of the Bankruptcy Code on January 27, 1987. In their bankruptcy schedules both debtors claimed exemption from inclusion in the bankruptcy estate, pursuant to O.R.C. § 2329.66(A)(17) and § 2329.66(A)(4)(a), for a possible federal tax refund for the 1986 tax year. Each debtor claimed an exemption in such refund to the extent of $800.

The tax refund at issue represents overwithholding of taxes from wages earned during 1986. Barbara Baker worked during that year and earned $319, and, therefore, a small portion of her income was withheld for federal taxes. The debtors elected to file a joint return for their 1986 income taxes and filed that return prior to the filing of their bankruptcy case. Some time in 1987, the debtors received a refund of their 1986 taxes in the amount of $1,620.

The Trustee argues that Barbara Baker is not entitled to an exemption of $400 pursuant to Ohio Rev.Code § 2329.66(A)(17) because she earned only $319 and has no property which would entitle her to an exemption under Ohio law.[1] However, the debtors assert that because the joint tax return was filed prior to the bankruptcy filing, Barbara Baker has a property interest in one-half of the refund which may be exempted from property of the bankruptcy estate to the extent permitted by Section 2329.66(A) of the Ohio Revised Code.

Ohio Revised Code § 2329.66(A)(4)(a) provides that a debtor may claim an exemption from execution, garnishment, attachment, or sale by a judgment lien creditor, such as a trustee in bankruptcy, in the amount of $400 for:

> The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds ...

Ohio Revised Code § 2329.66(A)(17) provides similar exemption for:

> The person's interest, not to exceed four hundred dollars, in any property, except that this division applies only in bankruptcy proceedings.

The debtors argue that Barbara Baker is entitled to an exemption in the tax refund of $400 under each of these provisions, for a total of $800, based upon her property interest in one-half of the refund. To support this claim, the debtors first contend that because the check is written to the order of Barbara and Donald Baker, the debtors' election to file a joint return entitles each of them, as a taxpayer, to one-half the refund.

Second, the debtors argue that their election to file a joint return enabled Donald Baker to receive a larger refund than he would have received had he filed a separate return; therefore, Barbara Baker has a property interest in any additional amount received by Donald Baker as a result of their joint return filing. The debtors' final argument is that at the time the parties decided to file a joint tax return, Donald Baker made a gift to Barbara Baker of half the tax refund amount, and that gift entitles her to the claim of exemption.

According to Ohio law, an exemption may be claimed only in property in which a person has an interest. Ohio Rev.Code § 2329.66. Because, under Ohio law, a person has no interest in the property of such person's spouse, the Court finds that the marital relationship alone is insufficient to create an exemptable interest in a wife in a tax refund arising from the overwithholding from earnings of her husband. *In re Colbert*, 5 B.R. 646 (Bankr.S.D.Ohio 1980); Ohio Rev.Code § 3103.04. As the Ohio Supreme Court has stated:

> During coverture the wife had no rights whatever to the personal estate of the husband, or any portion of its proceeds or profits, under the common law. In a legal sense, the wife has under the Married Woman's Act no interest in her husband's personal property during his lifetime. *Mark v. Mark*, [145 Ohio St. 301,]

---

1. Although the Trustee's objection is based upon Barbara Baker's claim pursuant to Ohio Rev. Code § 2329.66(A)(17), at the hearing on this matter the parties impliedly also tried the issue of her entitlement pursuant to Ohio Rev.Code § 2329.66(A)(4)(a).

30 Ohio Op. 534, 61 N.E.2d 595 (1945) (quoting 21 Ohio Jur. 377 § 52). See generally, 47 Ohio Jur.3d 125 § 651.

The debtors, however, argue that their election to file a joint tax return changes that general rule and entitles Barbara Baker to an exemption for two reasons: first, because the check was made to the order of Barbara and Donald Baker, and second, because Donald Baker received a larger refund due to Barbara Baker's election to file a return jointly with him. However, the election to file a joint return does not alter the parties' respective property rights in a joint tax refund. *Wetteroff v. Grand (In re Wetteroff)*, 453 F.2d 544 (8th Cir. 1972), *cert. denied*, 409 U.S. 934 [93 S.Ct. 242, 34 L.Ed.2d 188].

> Congress, in enacting § 6013(a) which allows a husband and wife to file a 'single return jointly of income taxes,' intended primarily to equalize the tax burden for married persons in all states, eliminating the disparities which resulted between common law and community property states. In any event, Congress most definitely did not intend § 6013(a) to affect or change the ownership of property rights between the taxpayers. *Wetteroff*, 453 F.2d, at 547.

Congress did not alter the rights of parties in property by providing for the filing of a joint return. Those rights are determined only under the applicable state law.

This finding means that the election to file a joint tax return which results in the government's issuance of a refund check payable to both parties creates no new rights in Barbara Baker. The tax refund arose primarily from the withholdings from Donald Baker's earnings in excess of the tax liability. Thus, to the extent Donald Baker's earnings were withheld beyond the tax liability, the tax refund is owned by Donald Baker. Barbara Baker's income, expressed as a percentage of the Baker's joint income, entitles her only to a proportionate share of the tax refund. That share is minimal in this case. See *In re Colbert*, 5 B.R. 646, at 649.

The debtors' final argument is that Donald Baker, by electing to file a joint return, made a gift to his wife of a portion of the tax refund which would entitle her to the exemption.

The tax return itself, without additional language, is not an instrument of conveyance. *Wetteroff*, 453 F.2d at 547. Further, according to Ohio law, making a valid gift inter vivos requires: (1) an intention to transfer the property and (2) if possible, a delivery of the gift to the donee. *Bolen v. Hume*, 94 Ohio App. 1, 114 N.E.2d 281 (1951); *Bolles v. Toledo Trust Co., Ex'r*, 132 Ohio St. 21, 4 N.E.2d 917 (1936).

Although debtors raised this issue at trial, no evidence was presented to the Court to establish facts to substantiate the claim that a gift was made. Therefore, the Court finds that Donald Baker failed to establish that a transfer was made which would entitle Barbara Baker to assert an interest in the tax refund attributable to that gift.

Based upon the foregoing, the Court finds that Barbara Baker's proportionate interest in the federal tax refund is minimal, and, therefore, the Trustee's objection to the exemption is, hereby, SUSTAINED.

IT IS SO ORDERED.