(827 P.2d 769)
No. 66,432

ELDON V. PARKMAN, *Appellee*, v. LLOYD D. FARR, *Appellant*.

—

Opinion filed February 28, 1992.

*Diane F. Barger*, of Emporia, for appellant.

*Robert N. Symmonds*, of Symmonds & Symmonds, of Emporia, for appellee.

Before GERNON, P.J., ELLIOTT, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J. Retired: Lloyd D. Farr (defendant-appellant) appeals a judgment of the district court ordering that the joint income tax refunds of the defendant and his wife, Lola Farr, be applied to satisfy a judgment against Lloyd alone and in favor of Eldon Parkman (plaintiff-appellee).

The facts in the case are undisputed and are as follows: On March 29, 1985, Parkman was granted a judgment against Lloyd Farr and Care Systems, Inc., for $1,288.72 plus costs and interest. On December 18, 1989, a hearing in aid of execution was held before a district magistrate judge. Lloyd and Lola Farr were ordered to file income tax returns for the years 1986 through 1989 and to deliver any tax refunds received to the district court for credit upon the prior judgment. The Farrs filed joint income tax returns for 1986 through 1988. Copies of the tax returns indicated the Farrs were due federal tax refunds in the total amount of $2,845.53 and Kansas state tax refunds in the amount of $816.73. All refund checks were payable jointly to Lloyd and Lola Farr.

Lloyd Farr filed a motion in district court for release of the income tax refunds on April 12, 1990, claiming that only $37.50 of the tax refunds belonged to him personally, with the balance

belonging solely to his wife, Lola. The magistrate judge dismissed the motion and ordered Lloyd Farr to pay all refunds to the clerk of the district court within 10 days.

Lloyd appealed to a district judge, who held that the tax refunds were the joint property of Lloyd and Lola Farr and denied the appeal. Lloyd then appealed to the appellate courts.

The sole issue presented on the appeal is whether the district court erred in holding that the tax refunds in question were the joint property of the defendant and his spouse and so could be taken and applied on a judgment against the defendant alone.

We hold that the district court was in error and that, under the undisputed facts contained in the record, the case must be reversed. The tax forms introduced into evidence show that only Lola Farr had wages from which monies for federal and state income taxes were withheld. These withholdings from Lola's wages were the only source for the tax refunds made to the Farrs.

Kansas law prevents one spouse's separate earnings and property from being subjected to payment for the other spouse's debts. The law subjects only the husband's property for payment of a debt incurred by him alone. See K.S.A. 23-201(a).

The law is well established that the existence of any property rights in a tax refund from the filing of a federal or state joint income tax return is determined under state law. See *Duden v. United States*, 467 F.2d 924, 929 (Ct. Cl. 1972); *Estate of Trecker*, 62 Wis. 2d 446, 450, 215 N.W.2d 450 (1974).

Section 6013 of the Internal Revenue Code provides for the filing of joint tax returns. The purpose of section 6013 is to equalize the tax burden for married persons in all states, eliminating disparities between common-law and community property states. *In re Carson*, 83 N.J. Super. 287, 290, 199 A.2d 407 (1964). Congress did not intend this provision to affect or change the ownership of property rights between taxpayers. *In re Wetteroff*, 453 F.2d 544, 547 (8th Cir.), *cert. denied* 409 U.S. 934 (1972). "[T]he filing of a joint return does not have the effect of converting the income of one spouse into the income of the other" and "a joint income tax return does not create new property interests for a husband or wife in each other's income tax overpayment." *Rosen v. United States*, 397 F. Supp. 342, 344 (E.D. Pa. 1975).

It is likewise true that "the mere filing of a joint tax return by a husband and wife does not render the property taxed or the tax paid joint property or property held by the two as tenants by the entireties." *McClelland v. Massinga*, 786 F.2d 1205, 1210 (4th Cir. 1986). Income tax refunds cannot be granted or devised and so it has been held that, under Kansas law, no tenancy in common or joint tenancy can be created in them. *In re Ballou*, 12 Bankr. 611, 612 (Bankr. D. Kan. 1981). See K.S.A. 58-501.

In the present case, the refund checks returned the excess of funds withheld solely from Lola Farr's earnings. "It is well settled that '[s]pouses filing a joint return have separate interests in any overpayment, the interest of each depending on his or her income, *i.e.*, an overpayment is apportionable to a spouse to the extent that he or she contributed to the overpaid tax.' " *Gens v. United States*, 615 F.2d 1335, 1342 (Ct. Cl. 1980), *cert. denied* 459 U.S. 906 (1982). The case law of other jurisdictions seems in agreement that the interest of each spouse to a refund on a joint return should be allocated proportionate to the respective withholdings of earnings contributed. See *Gordon v. United States*, 757 F.2d 1157, 1160 (11th Cir. 1985); *Rosen v. United States*, 397 F. Supp. at 343; *In re Buchholtz*, 259 F. Supp. 31, 32 (D. Minn. 1966); *In re Levine*, 50 Bankr. 587 (Bankr. S.D. Fla. 1985); *Matter of Crum*, 6 Bankr. 138, 140 (Bankr. M.D. Fla. 1980). The fact that the filing of a joint return made additional tax credits or deductions available does not change the fact that all the monies withheld and creating the overpayment were Lola Farr's earnings. We hold that all the tax refunds are the sole property of Lola Farr and that the court erred in finding them to be the joint property of the Farrs and accessible to Lloyd Farr's judgment creditor.

The judgment of the district court is reversed. The case is remanded to the district court with directions to release all income tax refunds to Lola Farr as her separate property. Costs are taxed to the appellee.

Reversed and remanded.