**In re: Kenneth R. LARISH, Debtor.**

**Bankruptcy No. 92–03277–KL3–7.**

United States Bankruptcy Court, M.D. Tennessee.

Jan. 14, 1993.

Samuel K. Crocker, Crocker and DeSha, Nashville, Tenn., for debtor.

James Davidson Lane, II, Nashville, Tenn., for trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The trustee's objection to exemption of a tax refund is sustained and turnover of the refund is granted. The following constitute findings of fact and conclusions of law. Bankr.R. 7052.

### I.

The chapter 7 debtor, Kenneth Larish, claims a "survivorship interest" in an income tax refund as exempt property. The tax return was filed, and the taxes paid, prior to the bankruptcy petition. For the tax-year in question, Mr. Larish and his (nondebtor) wife filed a joint return as permitted by § 6013(a) of the Internal Revenue Code, 26 U.S.C. § 6013(a) (1988). During that tax year, Mrs. Larish worked in the home and had no taxable income.

The Larishes received a tax refund after Mr. Larish filed bankruptcy. The $17,497 refund was payable to Mr. Larish and his wife. Mr. Larish claims that he and his wife own the refund as tenants by the entirety, and that he is entitled to exempt his (relatively worthless) survivorship interest. The trustee contends that the refund is solely the property of Mr. Larish, thus the whole refund, not just a "survivorship interest" constitutes property of the estate.

### II.

A debtor's right to an income tax refund for a prepetition year is property of the bankruptcy estate. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). Although *Kokoszka* was decided under the former Bankruptcy Act, nothing in the 1978 Code interferes with the continuing validity of its holding. *See In re Crum*, 6 B.R. 138 (Bankr. M.D.Fla.1980); *In re Taylor*, 22 B.R. 888 (Bankr.N.D.Ohio 1982).

State law governs the creation and extent of property interests. *Hayes v. Schaefer*, 399 F.2d 300 (6th Cir.1968). It is well established in Tennessee that the creation of a tenancy by the entirety requires the coincidence of four unities: "[t]he unity of interest, the unity of title, the unity of time, and the unity of possession; or, in other words, joint tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession." *Preston v. Smith*, 41 Tenn.App. 222, 293 S.W.2d 51, 59 (1955) (quoting *Bennett v. Hutchens*, 133 Tenn. 65, 179 S.W. 629, 631 (1915)).

Applying Tennessee law, the filing of a joint tax return does not by itself convert Mr. Larish's entitlement to a tax refund into a tenancy by the entirety. The creation of tenancy by the entirety requires an instrument of conveyance containing proper words of conveyance and demonstrating intent to transfer the grantor's interest into entireties property. *Hutchison v. Board*, 194 Tenn. 223, 250 S.W.2d 82, 84 (1952). There is no conveyancing instrument here. A joint tax return lacks any operative words of conveyance and does not, without additional language, constitute an instrument of conveyance. *In re Baker*, 82 B.R. 461, 463 (Bankr.S.D.Oh. 1987); *Wetteroff v. Grand (In re Wetteroff)*, 453 F.2d 544, 547 (8th Cir.1972), *cert. denied*, 409 U.S. 934, 93 S.Ct. 242, 34 L.Ed.2d 188 (1972).

The cases cited by the debtor are not persuasive. In *Sloan v. Jones*, 192 Tenn. 400, 241 S.W.2d 506 (1951), the Tennessee court held that a deposit in a bank account

in.the name of "husband or wife" created a tenancy by the entirety because there was an express agreement among the husband, wife and their bank that the surviving spouse would be absolute owner of the fund. *Id.* 241 S.W.2d at 508. "[A] tenancy by the entirety may be created by a joint deposit 'where the intention to effect joint ownership' of such a deposit appears or may be inferred from the circumstances." *Id.* at 508.

Contracting with a bank to create unities of interest and title, coupled with evidence of intent to convey a shared right of possession and right of survivorship are circumstances readily distinguishable from the election to file a joint income tax return. The decision to open and make deposits to a joint account are deliberate choices to co-own the funds. The filing of a joint tax return is more obviously motivated by tax consequences than by intent to convey property into any special tenancy. Congress' purpose in allowing spouses to file a joint return was not to alter property rights between taxpayers, but "to equalize the tax burden for married persons in all states, eliminating the disparities which resulted between common law and community property states." *Wetteroff v. Grand (In re Wetteroff)*, 453 F.2d 544, 547 (8th Cir.), *cert. denied*, 409 U.S. 934, 93 S.Ct. 242, 34 L.Ed.2d 188 (1972).

*In re Garretson*, 6 B.R. 127 (Bankr. E.D.Tenn.1980), involved the ownership of a certificate of deposit issued to "husband or wife," which was purchased with the debtor's nonfiling spouse's money. Relying on *Sloan*, the court found intent and a conveyance sufficient to conclude that the C.D. was held as tenants by the entirety. *Garretson* is distinguishable for the same reasons that *Sloan* is distinguishable.

In *Oliphant v. McAmis*, 197 Tenn. 367, 273 S.W.2d 151 (1954), the court held that realty and personalty were owned by husband and wife as tenants by the entirety, although the property was titled in the husband's name only, based on a finding that the husband and wife had worked together to build their farming business and the "money and property on hand was

... brought about by the joint efforts of" the husband and wife. *Id.* 273 S.W.2d at 153. Here, the tax refund exists only because of income earned by the debtor.

Several courts, including a 1980 decision by Judge Hippe of this court, have concluded that the filing of a joint tax return, without other evidence of conveyance and intent, is insufficient to create a tenancy by the entirety in a tax refund. In *Reese v. Smithson (In re Smithson)*, 23 Collier Bankr.Cas. (MB) 400 (Bankr.M.D.Tenn. 1980), the debtor owned a paint store, which his wife helped run. The wife was not the debtor's business partner, and she received no wages. She had no taxable income, but they filed a joint return. The court held that "[a] tax refund is property of the spouse from whose income the tax is paid and a joint tax return does not constitute a conveyance of such refund to the non-income producing spouse." *Id.* at 401. *Accord, In re Griffin*, 1 B.R. 653 (Bankr. M.D.Tenn.1979); *Wetteroff v. Grand (In re Wetteroff)*, 453 F.2d 544 (8th Cir.), *cert. denied*, 409 U.S. 934, 93 S.Ct. 242, 34 L.Ed.2d 188 (1972); *In re Baker*, 82 B.R. 461 (Bankr.S.D.Oh.1987); *Rosen v. United States*, 397 F.Supp. 342 (E.D.Pa.1975); *Bekofske v. Thomas (In re Thomas)*, 14 B.R. 759 (Bankr.E.D.Mich.1981); *In re Levine*, 50 B.R. 587 (Bankr.D.Kan.1985); *In re Crum*, 6 B.R. 138 (Bankr.M.D.Fla.1980); *In re Boudreau*, 350 F.Supp. 644 (D.Conn. 1972); *In re Taylor*, 22 B.R. 888 (Bankr. N.D.Oh.1982); *Butz v. Wheeler (In re Wheeler)*, 17 B.R. 85 (Bankr.S.D.Oh.1981); *In re Colbert*, 5 B.R. 646 (Bankr.S.D.Oh. 1980).

Any interest of the wife in the tax refund must be attributable to her income. *Rosen*, 397 F.Supp. at 343; *Baker*, 82 B.R. at 463. This refund arose solely from withholdings from Mr. Larish's income in excess of tax liability. The refund is not held as tenants by the entirety, it is property of the estate and it is recoverable by the trustee for the benefit of creditors.

An appropriate order will be entered.