## CIRCUIT COURT OF THE CITY OF WINCHESTER

William A. Johnson,
Executor and Trustee of the
Estate of Cornelia G. Revell,
Deceased

v.

Stephen D. Rosenthal et al.

August 13, 1993

Case No. (Chancery) 93–39

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court for decision on the following questions:

1. Whether the payment of the $10,000 Homestead Allowance provided for in Virginia Code § 64.1–151.3 to the surviving spouse of the decedent would cause the surviving spouse to forfeit any share passing to him under the will of his wife.

2. What interest does Robert Revell have in income tax refunds received after his wife's death, which were made from a bank account held by him and his wife jointly with right of survivorship?

Upon consideration of the argument of counsel and their respective memoranda, I have made the following decision.

### I. *Statement of Material Facts*

The claimant is the husband of an elderly woman who recently died. He has previously requested and received the $6,000.00 family allowance provided in Virginia Code § 64.1–151 and has asked for and received the $3,500.00 in exempt property under Virginia Code § 64.1–151. The claimant has further requested that the Executor pay him the $10,000 homestead allowance provided for in Virginia Code § 64.1–3.

By Article V of her last will and testament, Cornelia Revell, the claimant's wife, provided for a testamentary trust under which her husband, Robert Revell, and two other persons are vested with a joint and survivorship life interest. This residuary testamentary trust is a charitable remainder unit trust under which Robert Revell and the other two claimants will receive equal shares of the income during their respective lifetimes. The trust is substantial. The net corpus of the trust was reported by the executor on a federal estate tax return to be $2,255,306.00.

The estate has received federal and state income tax refunds which are payable to the order of Robert and Cornelia Revell. The income taxes from which the refunds are derived were paid by the Revells from a bank account which they held jointly with right of survivorship.

## II. *Conclusions of Law*

The pertinent language of Virginia Code § 64.1–151.3 provides that:

> The Homestead Allowance is *in lieu of any share passing to the surviving spouse* or minor children by the will of a decedent or by intestate succession provided, however, if the amount passing to the surviving spouse . . . by the will of the decedent or by intestate succession is less than $10,000.00, then the surviving spouse . . . shall be entitled to a Homestead Allowance in an amount which, when added to the property passing to the surviving spouse . . . by the will of the decedent or by intestate succession, will equal the sum of $10,000.00. (Emphasis added).

The words "any share passing to surviving spouse" are clear and unambiguous and require no interpretation. The plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction. *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). A life estate is a thing of determinable value. *See* Virginia Code § 55–269.1 *et seq.* (setting forth the methodology for determining the value of a life estate). The right to receive one third of the income from a trust is clearly a share of the decedent's estate within the meaning of the homestead statute, and, in this case, its value geometrically exceeds $10,000.00. Therefore, if Robert Revell persists in claiming the $10,000.00 Homestead Allowance pursuant to Virginia Code § 64.1–151.5, this will be in lieu of any

interest passing to him under the will of his wife, and he will thereby forfeit his joint survivorship life estate in the residuary trust established under Article V of his wife's will.

The income tax refunds are not proceeds of a joint account held as tenants by the entireties, so the result is not controlled by *Oliver v. Givens, Trustee*, 204 Va. 123, 129 S.E.2d (1963). The determination of the interest in the tax refunds is a matter of state law. *See In re Wetteroff*, 453 F.2d 544, 547 (8th Cir. 1972). The check is an order instrument payable to two payees together. *See* Virginia Code § 8.3–110(d) and (e). "A joint account belongs, during the lifetimes of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, except that a joint account between persons married to each other shall belong to them equally, and unless, in either case, there is clear and convincing evidence of a different intent." Virginia Code § 6.1–125.3(A). Here, there is no clear and convincing evidence of any different intent as to the funds held, so the account belonging to the two married parties equally during their lives now belongs one-half to the estate and one-half to Robert Revell.